NELSON P. COHEN
United States Attorney

ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ALAN J. VEYS and<br>JAMES E. JAIRELL,<br><br>　　　　　Defendants. | Case No. 1:06-cr-00003-JWS-PMP<br><br>**GOVERNMENT'S MOTION TO TRANSFER TRIAL VENUE FROM JUNEAU TO ANCHORAGE** |

　　　COMES NOW the Plaintiff, United States of America, by and through undersigned counsel, and respectfully requests that the Court issue an order transferring trial of this case from the Juneau division to the Anchorage division, for

the reasons stated below. Counsel for defendant JAIRELL does not oppose this motion; on information and belief, counsel for defendant VEYS opposes the transfer.

## I. INTRODUCTION

The indictment in this matter was returned on July 19, 2006. Both defendants are named in Count 1 (Conspiracy) and Counts 2-5 (Lacey Act trafficking). Defendant JAIRELL is also named in Counts 6-13 (Lacey Act false labeling). Count 14 is a forfeiture allegation aimed at a vessel owned by defendant VEYS. Trial is set to begin in January, 2007 in Juneau, Alaska; neither defendant is in custody.

## II. MOTION AND ARGUMENT

The government requests that trial of this case be moved to Anchorage from Juneau, in the interests of justice. Rule 18, Fed.R.Crim.P. provides that "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant and witnesses, and the prompt administration of justice."

### A. Convenience of the Defendant(s)

It is not the government's place to suggest whether a transfer of this trial would be convenient to the defendants, beyond noting that defendant Veys lives during the winter months in Washington state. Defendant Jairell maintains a full-time residence in Wyoming and both defense attorneys live in Anchorage. Counsel for defendant JAIRELL has expressed his non-opposition to this motion; the government is not certain what position defendant VEYS will take on this issue.

### B. Convenience of the Witnesses

Of the approximately 25 witnesses the government intends to call in its case-

in-chief, only four live in or near Juneau; most live outside Alaska. Given the vagaries of winter travel to and from Juneau, it may be more convenient to most witnesses to hold the trial in Anchorage. Increased certainty in witness travel likely equates to a more orderly progression of trial, a factor properly considered by the Court (discussed below). Moreover, it is often the case that out-of-state witnesses will or can be routed to Anchorage and then to Juneau.

  C. Prompt Administration of Justice

The government observes no factual reason why a trial in Juneau would advantage or disadvantage either party: the offenses charged in this case involve the alleged illegal sale of big game hunts by the defendants (which mostly occurred at sports shows outside Alaska), the unlawful provision of hunting services on and near Admiralty Island and the transport of trophy parts from Admiralty Island, with shipment from Juneau, to the home states of the hunter/clients. Thus, although the charges are properly sited in the Juneau district, they are as easily tried in Anchorage as Juneau: for example, the government foresees no need for a the jury to view a particular site in the Juneau area.

The purpose of Rule 18 is to "vest discretion in the court to fix the place of trial at any place within the district." United States v. Herbert, 698 F.2d 981, 984 (9th Cir. 1983), *cited in* United States v. Footracer, 189 F.3d 1058, 1065 (9th Cir. 1999). A Court may properly consider several factors in evaluating the "prompt administration of justice," including the need to be available to consider other matters on its calendar, the location of the Court's home office and personnel and the

U S v. Veys and Jairell
1:06-cr-00003-JWS-PMP         3

locations of the office of defense counsel, offices of the United States Attorney's Office and the "headquarters of the court." United States v. Thiel, 619 f.2d 778, 781 (8th Cir. 1980); United States v. Fernandez, 480 F.2d 726, 730 (2nd Cir. 1973).

## IV.  CONCLUSION

For the reasons stated herein, the government requests that the Court transfer the trial of this case from Juneau to Anchorage.

RESPECTFULLY SUBMITTED this 18th day of December, 2006.

> s/ Robert S. Anderson
> ROBERT S. ANDERSON
> Senior Trial Attorney
> Environment and Natural Resources Division
> United States Department of Justice
> Phone: (406) 829-3322
> Fax: (406) 542-1476
> Email: robert.anderson8@usdoj.gov
>
> s/ Steven E. Skrocki
> STEVEN E. SKROCKI
> Assistant U.S. Attorney
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> Email: steven.skrocki@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on December 18, 2006,
a copy of the foregoing was served electronically on:
 Brent Cole
and Kevin Fitzgerald.

s/ Steven E. Skrocki