Brent R. Cole
MARSTON & COLE, P.C.
745 W. 4th Avenue, Suite 502
Anchorage, Alaska 99501
(907) 277-8001

Attorneys for Alan Veys

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT JUNEAU**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　Plaintiff,　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　v.　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>JAMES JAIRELL,  AND　　　　)<br>ALAN VEYS　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　) | **VEYS' FIRST MOTION FOR PRODUCTION OF ORIGINAL DOCUMENTS: JAIRELL'S LICENSING FILE**<br><br>Case No. 1:06-cr-00003-JWS-PMP Cr |

**I. Introduction**

Alan Veys, pursuant to Federal Rule of Criminal Procedure 17(c), moves this Court to issue a subpoena duces tecum requiring the Division of Corporations, Businesses, and Professional Licensing for the State of Alaska to produce a limited set of original records necessary to Veys' defense so that Veys, his attorneys, and experts can inspect and examine the records prior to trial.[1]  Specifically, Veys' moves for this Court to issue  a subpoena duce

---

[1] While Fed. R. Crim. Proc. 17(c) does not specifically require a motion for the issuance of a subpoena duces tecum that is made returnable prior to trial, some courts have required that the court's discretion must be invoked by motion. *See e.g., United States v. Beckford*, 964 F.Supp. 1010, 1021 (E.D. Virg. 1997); *see also 2 Wright & Miller, Federal Practice and Procedure, Criminal 3d* § 274. Other courts have said such a motion is unnecessary, but appropriate, and should be entertained by the Court. *United States v. Urlacher*, 136 F.R.D. 550, 554-555 (W.D.N.Y. 1991). Given this precedent and  out of an abundance of caution, Veys has filed a motion instead of simply issuing  subpoenas and waiting for the state departments to file a motion to quash.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys First Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 1 of  9

tecum requiring the Division of Corporations, Businesses, and Professional Licensing to produce, by December 29, 2006, James E. Jairell's original licensing file and Lone Eagle Resort, Inc.'s transporter file including all applications and attachments and supporting documents. Veys seeks subpoenas requiring the production of these documents by December 29, 2006, so that Veys and his attorneys and experts can review the original documents and conduct a non-destructive examination to evaluate their authenticity.

## II. Argument

**A. Criminal Rule 17(c) Entitles the Defendant to Production of the Requested Documents.**

Federal Rule of Criminal Procedure 17(c) provides:

> **(c) Producing Documents and Objects**
>
> **(1) In General**. A subpoena may order the witness to produce any books, papers, documents, date, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

This Rule specifically allows for a subpoena duces tecum to be made returnable before trial. *See United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and a place before trial for the inspection of

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

subpoenaed materials." *Id.* (citing *Bowman v. Dairy Co. v. United States*, 341 U.S. 214 (1951).

Pretrial production of evidence pursuant to Rule 17(c) is appropriate where the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend reasonably to delay the trial; and (4) that the application is in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699.

The burden is on the party seeking production to show good cause for production prior to trial. *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Virg. 1997). This burden is easily met as to all four elements.

### 1. The Requested Records Are Evidentiary and Relevant.

The documents requested are clearly evidentiary and relevant. The government has charged Veys and co-defendant Jairell with violations of the Lacey Act, 16 U.S.C. § 3372-3374. The Lacey Act charges are based on alleged violations of Alaska's guiding and bear

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys First Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 3 of 9

sealing laws and regulations. An essential part of the government's case against Mr. Veys is his involvement in Mr. Jairell's licensing applications for his assistant guide license, class A assistant guide license, and guide license. *See Indictment, Section II Overt Acts, Paragraph 3.* The documents sought include documents which form the basis for this allegation. The Lone Eagle Resort transporter documents were created at or about the same time as some of Jairell's licensing applications. The Government itself recognizes the importance of this issue and has filed a request from Mr. Veys' handwriting exemplar and filed a motion to compel the handwriting exemplar for Jim Jairell. *See Government's Motion to Compel The Provision of Handwriting Exemplars from Defendant Jairell at Docket No. 26.*

Mr. Moore is a forensic documents examiner who has been retained by Alan Veys. *See Affidavit of David S. Moore.* Mr. Moore has traveled to Juneau and has viewed the documents that are being requested for inspection. He has noted significant issues relating to these documents regarding the authenticity and authorship of the documents in question. He is requesting the other parts of Mr. Jairell's file and the Lone Eagle transporter file for comparison purposes. Mr. Moore has noted that there are additional tests that need to be done to the original documents that can only be accomplished at his laboratory in Sacramento. Given the nature of the charges Veys faces, the Jairell guiding file held by the State of Alaska is clearly relevant to Veys's defense.

**2.     The Requested Records Are Not Otherwise Procurable Because the State Will Not Release Them to Veys.**

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

The Court should be aware that Veys has been able to procure of copy of Mr. Jairell's licensing file and the transporter file. *See affidavit of Tres Lewis.* Additionally, Mr. Moore has traveled to Juneau and has viewed the original documents. It is because he has viewed them in person outside of his laboratory, that he is now requesting to have the original file sent to his office for non-destructive testing. At his office, Mr. Moore can engage in microscopic examination, ink examination, handwriting examination and indentation examination which could not be done in Juneau.

Veys has requested these records from the Division of Corporations, Businesses, and Professional Licensing, but have been refused without a court order. *See Attached Affidavit of Tres Lewis.* There is, therefore, no way for Veys and his attorneys and expert to review these documents prior to trial without a Rule 17(c) subpoena.

### 3. Veys and His Attorneys and Experts Cannot Properly Prepare For Trial Without Prior Inspection and Examination of the Documents.

First, Veys believes that some of the requested records are not authentic. As noted above, the authenticity of these documents is central to the government's case against Mr. Veys. It is, therefore, critical that Veys' expert examine the records prior to trial to determine their authenticity. It is also critical that Veys' expert be able to examine the documents before any other testing occur with them to ensure that his examination is not hindered by such testing. If such examination cannot occur prior to trial, the examination will have to occur

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys First Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 5 of 9

during trial or not at all. That would result in an unreasonable delay of trial or a denial of due process, which Rule 17(c) is designed to prevent. *See Nixon*, 418 U.S. at 698-99.

Second, the government's case is grounded on state law hunting and guiding regulations and statutes. It appears from the indictment that state guiding records will be of fundamental importance to Veys' defense. It is, therefore, critical that Veys and his attorneys have not just a review of these records, but a proper examination by their expert, and his ability to incorporate his findings into Veys' defense. Because the records are so critical to Veys' defense, a careful review of the documents will be necessary. That review will likely take a significant amount of time. If Veys and his attorneys are forced to review the documents at trial, the trial will be unreasonably delayed due to that review.

### 4. The Documents Sought By this Request Are Limited and Do Not Constitute a Fishing Expedition.

The documents Veys seeks in this motion are limited and are directly relevant to the indicted charges. Without a careful review of these documents, Veys' ability to defend himself will be compromised. The subpoena sought by Veys is a far cry from a fishing expedition.

### B. The Sixth Amendment and Due Process Requires That Veys and His Attorneys and Experts Have Adequate Time to Review These Records Prior to Trial.

The Sixth Amendment affords a criminal defendant the right to compulsory process in the aid of the defense case. *U.S. Const. Amed. VI.* It is settled constitutional law that "criminal defendants have the right to the Government's assistance in compelling the

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys First Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 6 of 9

attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). Rule 17(c) is instrumental in securing a defendant's Sixth Amendment rights. *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (stating that "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor"); *see also United States v. Jenkins*, 895 F. Supp. 1389, 1395 (D. Haw. 1995) (holding that the purpose of Rule 17(c) "is to provide compulsory process to insure that the defendant can obtain favorable evidence at trial"). One court has noted that guaranteeing an accused compulsory process to secure evidence in the accused's favor is the "essential purpose" of Rule 17(c). *Beckford*, 964 F. Supp. at 1019.

To deny Veys and his attorneys and experts the right to have their expert examine the requested documents and conduct non-destructive testing would violate Veys' Sixth Amendment rights. Without these records, Veys is forced to defend against federal charges based on allegations of violations of Alaska State law without understanding the full evidentiary picture. If Veys' expert is not allowed to examine the original documents, the government would be able to distort the jury's fact finding process by presenting selected evidence that could mis-characterize Veys' conduct and intent. If Veys' expert is not allowed to examine the original documents, Veys will not be able to present the full picture to the jury or refute the government's allegations through relevant documentary evidence. The Sixth Amendment and Rule 17(c) require that Veys be able to review the state records.

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

The Sixth Amendment also requires that Veys and his attorneys and experts have adequate time to review the documents and incorporate them into their defense. While this could theoretically be done during trial, that would result in unreasonable delays and an unnecessary burden on the court, jury and defendant. Rule 17(c) was created to stop such delay.

The Defendant is requesting that the State be directed to submit the originals directly to its expert witness rather than to the court as implied by the rule. This will allow the court to avoid becoming involved with this process and will help to facilitate these matters. The Defendant is also requesting that this request be handled on an expedited basis because of the impending trial date and the time that will be necessary to examine the requested documents.

### III. Conclusion

Pursuant to Rule 17(c) this Court should issue subpoenas duces tecum requiring the State of Alaska, Division of Corporations, Businesses, and Professional Licensing to produce the requested original records by December 29th for Veys, his experts and attorneys to examine. When the records arrive, Veys and his experts shall be permitted to conduct non-destructive examinations of the records to determine their authenticity. This is the only way to avoid real Sixth Amendment and due process concerns and unnecessarily delaying the trial.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

DATED this 22nd day of December, 2006, at Anchorage, Alaska.

>MARSTON & COLE, P.C.
>Attorneys for Alan Veys
>
>By: s/Brent R. Cole, Esq.
>745 West Fourth Ave., Suite 502
>Anchorage, AK 99501
>Phone: (907) 277-8001
>Fax: (907) 277-8002
>Email: cole@pobox.alaska.net
>AK Bar No. 8606074

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22nd, 2006, a copy of the foregoing Motion was served electronically on:

Robert Anderson, Assistant U.S. Attorney

Kevin Fitzgerald, Ingaldson, Maassen, Fitzgerald.

By: s/ Brent R. Cole, Esq.

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Veys First Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 9 of 9