...

Brent R. Cole
MARSTON & COLE, P.C.
745 W. 4th Avenue, Suite 502
Anchorage, Alaska 99501
(907) 277-8001

Attorneys for Alan Veys

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                       )<br>                          Plaintiff,    )<br>                                                       )<br>           v.                                       )<br>                                                       )  **AFFIDAVIT OF DAVID S. MOORE**<br>JAMES JAIRELL,   AND           )<br>ALAN VEYS                               )<br>                                                       )<br>                          Defendants.  )<br>                                                       )<br>_____)   Case No. 1:06-cr-00003-JWS-PMP Cr | |

STATE OF CALIFORNIA       )
                                                   ) ss.
COUNTY OF SACRAMENTO  )

     I, David S. Moore, declare:

     1.     I have personal knowledge of the matters set forth herein and, if called upon to testify, could and would competently testify thereto.

     2.     Counsel for Alan Veys has requested that I conduct a forensic examination of the following documents:

     *     The entire original guide file of James Jairell held by the State of Alaska,

LAW OFFICES OF
**MARSTON
& COLE, P.C.**
**745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002**

       Division of Corporations, Businesses, and Professional Licensing in Juneau, Alaska.

*  The entire original transporter file of Lone Eagle Resort, Inc. held by the State of Alaska, Division of Corporations, Businesses, and Professional Licensing in Juneau, Alaska.

*  The entire original Maritime Licensing file of James Jairell held by the National Marine Vessels Documentation Center in Falling Water, West Virginia.

  3. I have viewed the original guide file held by the State of Alaska, Division of Corporations, Businesses, and Professional Licensing in Juneau, Alaska. I have also reviewed a copy of the transporter file in question. I have reviewed copies of certain applications and letters from Mr. Jairell's maritime licensing file. I have noted certain issues which put into question the authenticity of certain documents which form the foundation for the government's case against Mr. Veys and for comparison purposes. I need to review the original documents in my laboratory to conduct further non-destructive testing to validate some of my initial conclusions and make further findings regarding the authenticity of these documents.

  4. The government has produced a letter and maritime attestation allegedly signed by Mr. Veys in support of Mr. Jairell's maritime license. I seek to review the entire original file to assist in determining the authenticity of these signatures prior to trial.

  5. I am a forensic document examiner, with my offices located in Fair Oaks, California. I have more than thirty years of document and investigative experience, including assignments with the Crime Laboratories of the United States Army, the United States Postal Inspection Service, the

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Affidavit of David S. Moore
Case No. 1:06-cr-00003-JWS-PMP cr
Page 2 of 6

Las Vegas Metropolitan Police, and the California Department of Justice. I have received extensive training regarding handwriting identification, ink and document analysis, and examination, reflected in courses from the United States Army, the United States Secret Service, the Federal Bureau of Investigation, the American Academy of Forensic Sciences, and the California Criminalistics Institute. I have been certified as a "Diplomate" of the American Board of Forensic Document Examiners since 1978. From 1999 to 2002, I served as one of the Directors on that Board. Attached as Exhibit "A" is a true and correct copy of my curriculum vitae, summarizing my formal education and professional training, work experience, and professional activities.

6.  I have published numerous articles in the field of forensic document examination in the Journal of Forensic Sciences, including "the Electrostatic Detection Apparatus (ESDA) and its Effect on Latent Prints on Paper," March 1988; "The Importance of Shading Habits in Handwriting Identification: A Case Study," January 1983; the "Evaluation of a Method to Detect the Site of Rubber Erasures by Powder," October 1981. In addition, I have presented numerous papers at meetings and conferences of the American Academy of Forensic Sciences, the American Society of Questioned Document Examiners, the International Association for Identification, the Southwestern Association of Forensic Document Examiners, and the Southeastern Association of Forensic Scientists.

7.  I have presented numerous classes on questioned document subjects to federal, state and local law enforcement officials, both government and private attorneys, as well as to bank and insurance personnel.

8.  I have testified as an expert in the field of questioned documents in justice, municipal, and superior, federal and military courts and administrative hearings in excess of 625 times in more

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

than 20 states throughout the United States.

  9.  In order to conduct a proper forensic document examination of the original questioned documents noted above, it is my professional opinion that the following tests may be necessary:

    a.  Visual examination;

    b.  Microscopic examination;

    c.  Photographic examination;

    d.  Ink examination;

    e.  Handwriting examination;

    f.  Indentation examination; and

    g.  Any other non-destructive examination necessary to determine the authenticity of the questioned document.

  10.  All proposed examination will be entirely non-destructive to the document and will be conducted in a manner so as not to compromise future additional or confirmatory examinations or testing. Additionally, the original document will not be altered or changed by any of the proposed examinations. I need to review these documents before any other testing is done to the documents.

  11.  These types of examinations are necessary to evaluate the genuineness of questioned documents. An ink examination allows me to analyze the inks used in the documents and draw conclusions about the use of different inks and to detect whether alterations and/or interlineations have been made. Indentation examinations permit me to draw conclusions about whether certain documents were together when they were originally created and also to ascertain whether there is other information contained on the documents in the form of indentations that may provide insight

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Affidavit of David S. Moore
Case No. 1:06-cr-00003-JWS-PMP cr
Page 4 of 6

into when the document was created and under what conditions. The other examinations requested may enable me to draw conclusions about the timeframe in which the document was created and about the genuineness of the document.

12.  It is important that I conduct the examination of the questioned document at my laboratory using specialized equipment. The indentation examination, the ink examination, the fluorescence and luminescence examinations require the use of laboratory equipment. For example, the microscope that I use is a stereoscopic trinocular microscope that is not readily portable. The video spectral comparator (VSC) that I use for ink evaluation is also not readily portable. Furthermore, it is often imperative to strictly control lighting conditions during an examination; this can be done in a laboratory setting, but often cannot be done elsewhere.

13.  The various examinations that I have listed and the equipment that I propose to employ during the examination of the questioned document are routine in cases of this nature. Failure to examine the questioned document in a laboratory setting, with proper instrumentation, may result in loss of valuable evidence that would directly address the issue of the document's authenticity.

I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct, except as to matters stated on information and belief, and as to those matters, I believe it to be true.

Executed at Fair Oaks, California this ___ day of December, 2006.

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Affidavit of David S. Moore
Case No. 1:06-cr-00003-JWS-PMP cr
Page 5 of 6

```
                                        _____
                                        DAVID S. MOORE
```

SUBSCRIBED AND SWORN TO OR AFFIRMED before me this ___ day of December, 2006.

```
                                        _____
                                        Notary Public for the State of California
                                        My Commission Expires: _____
```

**CERTIFICATE OF SERVICE**

I hereby certify that on December __, 2006, a copy of the foregoing Affidavit of David S. Moore was served electronically on:

Steve Skrocki, Assistant U.S. Attorney

Robert Anderson, Assistant U.S. Attorney

Kevin Fitzgerald, Ingaldson, Maassen, Fitzgerald

By: _s/ Brent R. Cole, Esq._____

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002