Brent R. Cole
MARSTON & COLE, P.C.
745 W. Fourth Avenue, Suite 502
Anchorage, AK 99501
(907) 277-8001

Attorneys for Alan Veys

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JAMES JAIRELL, AND ALAN VEYS, <br> Defendants. | **DEFENDANT VEYS' OPPOSITION TO GOVERNMENT'S MOTION TO CHANGE VENUE** <br><br> Case No. 1:06-CR-0003-JWS-PMP CR |

## I. INTRODUCTION

Defendant Alan J. Veys hereby opposes the government's motion to transfer trial venue from Juneau to Anchorage. *Docket at 32.* The proper venue for the trial of this case is the Juneau Division. The government understood this from the beginning because it originally chose to bring the charges in the Juneau Division. Now, the government has apparently changed its mind and seeks to move the trial from its natural location. The government, however, had it correct when it filed these charges at first. Under Federal Rule of Criminal Procedure 18, the proper trial site is Juneau.

The charged offenses in this case are all tied to Juneau. The charged offenses involve allegations which include illegal sale of hunts conducted at or near Admiralty Island, unlawful hunting services provided to persons on and near Admiralty Island, and

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Motion for Rule 17(c) Subpoena
Case No. 1:06-CR-00003-JWS-PMP CR
Page 1 of 6

the transportation of trophy parts from Admiralty Island across interstate lines through Juneau, Alaska.

While there is no constitutional right to a trial within a division where the crime occurred, there is a long standing tradition of fixing the trial venue in the area where the crime occurred. *See* Johnston v. United States, 351 U.S. 215, 220-221 (1956) (holding that the constitutional venue requirement "states the public policy that fixes the situs of the trial in the vicinage of the crime rather than the residence of the accused"); *see also* Dupoint v. United States, 388 F.2d 39, 44 (6th Cir. 1968) (stating "[t]hat a defendant should be tried in the division in which the offense was committed, especially when he resides there, is not lightly to be evaded").  The government has presented no compelling reasons to move the trial from the venue closest to the alleged offenses.  Federal Rule of Criminal Procedure ("Criminal Rule") 18 provides that the "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant and witnesses, and the prompt administration of justice."  Importantly, the convenience of the government is not listed as a factor, nor is it a relevant factor to be considered. *See* Dupoint, 388 F.3d at 43 (holding that when the real reason for transfer was the convenience of the prosecution and not the convenience of the defendant, it was error to transfer the case).  The relevant Criminal Rule 18 factors favor Juneau as the proper site for the trial.

**LAW OFFICES OF**
**Marston &**
**Cole, P.C.**
**745 WEST FOURTH**
**AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Motion for Rule 17(c) Subpoena
Case No. 1:06-CR-00003-JWS-PMP CR
Page 2 of 6

## II. LEGAL ANALYSIS

Criminal Rule 18 states as follows:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

These factors are in turn discussed below:

### 1. Convenience of the Defendant.

Juneau is the most convenient site for the trial for Mr. Veys. While Mr. Veys spends some time out of Alaska in the winter, his home is at Pybus Point, where he owns and runs a fishing lodge approximately 60 miles southwest of Juneau, Alaska. (??). Mr. Veys has no ties to Anchorage other than the fact that the attorney he hired is from Anchorage. The investigator hired by Mr. Veys lives in Juneau and is presently assisting in the defense of this case from Juneau. Holding the trial in Juneau is unquestionably more convenient for Mr. Veys.

### 2. Convenience for Witnesses.

Juneau is also the most convenient site for the witnesses. The government's motion states that four of its witnesses live in or near Juneau. Two of the law

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

enforcement officers who spent approximately three years investigating this case are both from the Juneau area. While some witnesses for the government may live out of state, a number of the witnesses for Mr. Veys live in Juneau. For example, certain documents which are the focus of the government's case against Mr. Veys and Mr. Jairell are located with the Division of Occupational Licensing in Juneau, Alaska. At least four witnesses who live in Juneau will have to testify about issues related to the authenticity of these documents. The government has also alleged that certain State of Alaska, Department of Fish and Game documents support the criminal charges which have been brought against the defendants. Again, those documents are kept in Juneau and will require the testimony of fish and game officials from Juneau. Mr. Veys business practices, which again is the heart of the government's case against Mr. Veys, is run out of Juneau by professionals who will be called as witnesses at this trial. It is conservatively estimated that approximately 10 witnesses (??) from the Juneau area will be called as witnesses at the upcoming trial. Obviously, these Juneau area witnesses will be greatly inconvenienced by having to travel to Anchorage.

The government's main justification for seeking to change venue of this trial is that it will be easier for their twenty other witnesses to travel to Anchorage and their arrival at trial in Anchorage will be more certain given the "vagaries of winter travel" to and from Juneau. Because this case is now presently scheduled for March 6, 2007, this "vagaries of winter travel" argument loses much of its force. Winter is mostly over by March and will not be any more of an inconvenience than Anchorage itself. In addition,

**LAW OFFICES OF Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Motion for Rule 17(c) Subpoena
Case No. 1:06-CR-00003-JWS-PMP CR
Page 4 of 6

there are five direct flights from Seattle to Juneau daily on Alaska Air. It seems unlikely that any witness would need to be routed to Anchorage and then to Juneau. Finally, even if weather did cause complications, the State of Alaska has had considerable success in ferrying witnesses to Juneau who have been routed to other Southeast Alaskan locations.

In short, there are a significant number of witnesses at this trial who live and work in Juneau, Alaska. Each of them will be inconvenienced if this trial is moved from its present location of Juneau, Alaska.

### 3. Prompt Administration of Justice

There is no legitimate argument that holding trial in Anchorage will assure the prompt administration of justice than in Juneau. The government appears to rely on <u>United States v. Fernandez</u>, 480 F.2d 726 (2nd Cir. 1973) for the proposition that the location of the Court's home office and the offices of defense counsel and the United State's Attorney's Office will assist in the "prompt administration of justice" in this case. In <u>Fernandez</u>, however, it was the defendant who unsuccessfully sought a change in the trial site to a more convenient location for the defendant. *Id.* at 731 (stating that "[t]he holding of a criminal trial, over the objection of the defendant, in a place removed from the court's headquarters, having no relation to the place of the crime, and for no apparent reason other than the convenience of the judge, may '[lead] to the appearance of abuses'"). Given Mr. Veys's objection to Anchorage as the trial venue and the fact that holding the trial in Juneau will be more convenient for Mr. Veys, the dicta in <u>Fernandez</u> does not support the government's motion. More importantly, however, holding the trial

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Motion for Rule 17(c) Subpoena
Case No. 1:06-CR-00003-JWS-PMP CR
Page 5 of 6

in Juneau, as opposed to Anchorage will ensure the prompt administration of justice because a number of Alaska witnesses who live in the Juneau area will not have to travel to Anchorage for the trial.

### III. CONCLUSION

Because the alleged offenses occurred in the Juneau area and the Alaska witnesses all live in or near Juneau, the government's motion to transfer trial venue from Juneau to Anchorage should be denied.

DATED this ___ day of December, 2006, at Anchorage, Alaska.

MARSTON & COLE, P.C.
Attorneys for Alan Veys

By:_____
Brent R. Cole
Alaska Bar No. 8606074

**CERTIFICATE OF SERVICE**

I hereby certify that on December __, 2006,
a copy of the foregoing Motion was served
electronically on:

Steve Skrocki,
Assistant U.S. Attorney

Robert Anderson
Assistant U.S. Attorney

Kevin Fitzgerald
Ingaldson, Maassen, Fitzgerald.

By:  s/ Brent R. Cole, Esq.

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Motion for Rule 17(c) Subpoena
Case No. 1:06-CR-00003-JWS-PMP CR
Page 6 of 6