Brent R. Cole
MARSTON & COLE, P.C.
745 W. 4th Avenue, Suite 502
Anchorage, Alaska 99501
(907) 277-8001
Attorneys for Alan Veys

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT JUNEAU**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES JAIRELL, AND ) <br> ALAN VEYS ) <br> ) <br> Defendants. ) <br> ) <br> ) | **VEYS' SECOND MOTION FOR PRODUCTION OF ORIGINAL DOCUMENTS: U.S. COAST GUARD JAIRELL FILE** <br><br> Case No. 1:06-cr-00003-JWS-PMP Cr |

## I. Introduction

Alan Veys, pursuant to Federal Rule of Criminal Procedure 17(c), moves this Court to issue a subpoena duces tecum requiring the U.S. Coast Guard to produce a limited set of original records necessary to Veys' defense so that Veys and his attorneys and experts can inspect and examine the records prior to trial.[1] Specifically, Veys moves for this Court to issue a subpoena duces tecum requiring the U.S. Coast Guard to deliver the original James Jairell maritime licensing file including all applications and attachments and supporting

---

[1] While Fed. R. Crim. Proc. 17(c) does not specifically require a motion for the issuance of a subpoena duces tecum that is made returnable prior to trial, some courts have required that the court's discretion must be invoked by motion. *See e.g., United States v. Beckford*, 964 F.Supp. 1010, 1021 (E.D. Virg. 1997); *see also 2 Wright & Miller, Federal Practice and Procedure, Criminal 3d* § 274. Other courts have said such a motion is unnecessary, but appropriate, and should be entertained by the Court. *United States v. Urlacher*, 136 F.R.D. 550, 554-555 (W.D.N.Y. 1991). Given this precedent and out of an abundance of caution, Veys has filed a motion instead of simply issuing subpoenas and waiting for the U.S. Coast Guard to file a motion to quash.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 1 of 8

documents to Mr. Veys' forensic documents examiner, Mr. David Moore, for non-destructive testing. Veys seeks a subpoena requiring the production of these documents by January 19, 2007, so that Veys, his attorneys and experts can review the original documents to evaluate the authenticity of signatures and writing on the documents.

## II. Argument

**A.  Criminal Rule 17(c) Entitles the Defendant to Production of the Requested Documents.**

Federal Rule of Criminal Procedure 17(c) provides:

> **(c) Producing Documents and Objects**
>
> **(1) In General**. A subpoena may order the witness to produce any books, papers, documents, date, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

This Rule specifically allows for a subpoena duces tecum to be made returnable before trial. *See United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and a place before trial for the inspection of subpoenaed materials." *Id.* (citing *Bowman v. Dairy Co. v. United States*, 341 U.S. 214 (1951).

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 2 of 8

Pretrial production of evidence pursuant to Rule 17(c) is appropriate where the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend reasonably to delay the trial; and (4) that the application is in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699.

The burden is on the party seeking production to show good cause for production prior to trial. *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Virg. 1997). This burden is easily met as to all four elements.

The requested file is presently located in Juneau, Alaska. Mr. Veys' investigator has spoken with representatives of the U.S. Coast Guard and they have indicated, absent a court order, they will not allow the release of the original file maritime licensing file to Mr. Veys' expert. *See Attached Affidavit of Tres Lewis.*

**1.    The Requested Records Are Evidentiary and Relevant.**

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 3 of 8

The documents requested are clearly evidentiary and relevant. The government has charged Veys and co-defendant Jairell with violations of the Lacey Act, 16 U.S.C. § 3372-3374. The Lacey Act charges are based on alleged violations of Alaska's guiding and sealing laws and regulations. An essential part of the government's case against Mr. Veys is his involvement in Mr. Jairell's maritime licensing application to operate maritime vessels for hire. The Government itself recognizes the importance of this issue and has requested handwriting exemplars from Alan Veys and moved to compel the handwriting exemplar of Jim Jairell with regard to these documents. *See Government's Motion to Compel Handwriting Exemplar from James E. Jairell at Docket 26.*

Mr. Moore is a forensic documents examiner who has been retained by Alan Veys. *See Affidavit of David S. Moore at Docket 51.* Counsel for Mr. Veys has been provided certain documents from this file including an application form for Mr. Jairell acknowledged by Mr. Veys and a letter allegedly signed by Mr. Veys in support of Mr. Jairell's maritime application. *See Attachment A.* Significant issues relating to authenticity and authorship of these documents have been raised. Mr. Moore has noted that there are tests that need to be done to the original documents that can only be accomplished at his laboratory in Sacramento. Given the nature of the charges Veys faces, the Coast Guard records sought by the subpoena, Jairell's guide file are clearly relevant to Veys' defense.

**2.    The Requested Records Are Not Otherwise Procurable Because the U.S. Coast Guard Will Not Release Them to Veys.**

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 4 of 8

The Court should be aware that Veys has been able to procure a copy of Mr. Jairell's maritime licensing file from the Government. But because of the discrepancies which have been noted, Defendant Veys is now requesting to have the original file sent to Mr. Moore's office for non-destructive testing. At his office, Mr. Moore can engage in microscopic examination, ink examination, handwriting examination and indentation examination which can not be done in Juneau.

Veys has requested these records from the U.S. Coast Guard but has been refused without a court order. *See Attached Affidavit of Tres Lewis.* There is, therefore, no way for Veys, his attorneys and expert to inspect these documents and perform the necessary non-destructive testing in Sacramento prior to trial without a Rule 17(c) subpoena.

### 3. Veys and His Attorneys and Experts Cannot Properly Prepare For Trial Without Prior Inspection and Examination of the Documents.

First, Veys believes that some of the requested records are not authentic. As noted above, the authenticity of these documents is central to the government's case against Mr. Veys. It is, therefore, critical that Veys' expert personally examine the records prior to trial to determine their authenticity. If such examination cannot occur prior to trial, the examination will have to occur during trial. That would result in an unreasonable delay of trial, which Rule 17(c) is designed to prevent. *See Nixon*, 418 U.S. at 698-99.

Second, an essential part of the government's case is Mr. Veys involvement in Mr. Jairell's maritime license application. It is, therefore, critical that Veys and his attorneys have adequate time to review these records and incorporate that review into Veys' defense.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 5 of 8

Because the records are so critical to Veys' defense, a careful review of the documents will be necessary. That review will likely take a significant amount of time. If Veys and his attorneys are forced to review the documents at trial, the trial may be unreasonably delayed due to that review.

### 4. The Documents Sought By this Request Are Limited and Do Not Constitute a Fishing Expedition.

The documents Veys seeks in this motion are limited and are directly relevant to the indicted charges. Without a careful review of these documents, Veys' ability to defend himself will be compromised. The subpoena sought by Veys is a far cry from a fishing expedition.

## B. The Sixth Amendment and Due Process Requires That Veys and His Attorneys and Experts Have Adequate Time to Review These Records Prior to Trial.

The Sixth Amendment affords a criminal defendant the right to compulsory process in the aid of the defense case. *U.S. Const. Amed. VI.* It is settled constitutional law that "criminal defendants have the right to the Government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). Rule 17(c) is instrumental in securing a defendant's Sixth Amendment rights. *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (stating that "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor"); *see also United States v. Jenkins*, 895 F. Supp. 1389, 1395 (D. Haw. 1995)

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 6 of 8

(holding that the purpose of Rule 17(c) "is to provide compulsory process to insure that the defendant can obtain favorable evidence at trial"). One court has noted that guaranteeing an accused compulsory process to secure evidence in the accused's favor is the "essential purpose" of Rule 17(c). *Beckford*, 964 F. Supp. at 1019.

To deny Veys and his attorneys and experts the right to have their expert examine the requested documents and conduct non-destructive testing would violate Veys' Sixth Amendment rights. Without these records, Veys is forced to defend against federal charges without understanding the full evidentiary picture. If Veys' expert is not allowed to examine the original documents, the government would be able to distort the jury's fact finding process by presenting selected evidence that could mis-characterize Veys' conduct and intent. If Veys' expert is not allowed to examine the original documents, Veys will not be able to present the full picture to the jury or refute the government's allegations through relevant documentary evidence. The Sixth Amendment and Rule 17(c) require that Veys be able to review and examine the U.S. Coast Guard records. The Sixth Amendment also requires that Veys and his attorneys and experts have adequate time to review the documents and incorporate them into their defense. While this could theoretically be done during trial, that would result in unreasonable delays and an unnecessary burden on the court, jury and defendant. Rule 17(c) was created to stop such delay.

### III. Conclusion

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Pursuant to Rule 17(c) this Court should issue subpoenas duces tecum requiring the U.S. Coast Guard to produce the requested original records by January 19, 2007, for Veys, his experts and attorneys to examine. When the records arrive, Veys and his experts shall be permitted to conduct non-destructive examinations of the records to determine their authenticity. This is the only way to avoid real Sixth Amendment and due process concerns and unnecessarily delaying the trial.

DATED this 8th day of January, 2007, at Anchorage, Alaska.

> MARSTON & COLE, P. C.
> Attorneys for Alan Veys
>
> By: s/Brent R. Cole, Esq.
> 745 West Fourth Ave., Suite 502
> Anchorage, AK 99501
> Phone: (907) 277-8001
> Fax: (907) 277-8002
> Email: cole@pobox.alaska.net
> AK Bar No. 8606074

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8th, 2007, a copy of the foregoing Motion was served electronically on: Steve Skrocki, Assistant U.S. Attorney, Robert Anderson, Assistant U.S. Attorney, Kevin Fitzgerald, Ingaldson, Maassen, Fitzgerald., Allen Frank Clendaniel, Dorsey & Whitney LLP.

By: s/ Brent R. Cole, Esq.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys Second Motion for Rule 17(c) Subpoena
Case No. 1:06-cr-00003-JWS-PMP Cr
Page 8 of 8