NELSON P. COHEN
United States Attorney

ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALAN J. VEYS and<br>JAMES E. JAIRELL,<br><br>    Defendants. | Case No. 1:06-cr-00003-JWS-PMP<br><br>**GOVERNMENT'S QUALIFIED NON-OPPOSITION TO DEFENDANT VEYS' MOTIONS FOR PRODUCTION OF DOCUMENTS**<br><br>*filed on shortened time* |

COMES NOW the Plaintiff, United States of America, by and through

undersigned counsel, and files its response to defendant VEYS's First and Second

Motions for Production of Documents.  (Documents 40, 51).

## I.  CURRENT FACTUAL FRAMEWORK

The facts relevant to the issues raised in Defendant VEYS's Motions for Production include the following:

Defendant VEYS's motions seek orders requiring the State of Alaska to deliver two original sets of files (defendant JAIRELL's licensing file and defendant VEYS's transporter file) and requiring the U.S. Coast Guard to deliver one original file (the application file for defendant JAIRELL's masters license) to David Moore, a defense-retained forensic analyst located in California, for analysis.  The parties desire and intend these documents to be analyzed by forensic examiners on each side of the case: Mr. Moore for the defense and the U.S. Secret Service for the government.

Government counsel is aware that the state files sought have been assembled and are ready for production when an Order is issued.  Government counsel has been informed that the original Coast Guard file at issue has been, or soon will be, transferred to the U.S. Fish and Wildlife Service under a chain of custody so that it may be used for forensic analysis.

Defendant VEYS provided a handwriting exemplar to the Government on or about December 22, 2006.

Trial of this case is set to begin on March 6, 2007, less than eight weeks from today.

## II. PRODUCTION, TIMING AND ADMISSIBILITY CONCERNS

The government does not oppose the examination of the requested filed by both Mr. Moore and the Secret Service, but has the following three concerns about production, timing and admissibility:

First, how to ensure that the examinations are conducted swiftly enough so that both sides are ready to present and, if necessary, litigate the examination results prior to trial? If the Court directs the files to be produced immediately to Mr. Moore or the Secret Service, what deadline should be placed on their return to the case agent for forwarding to the second examiner? No deadline is suggested in the draft Orders accompanying defendant VEYS's motions, and the government requests that such deadlines be set and included. Two weeks seems an ample period of time for each examiner to have the documents.

Second, how to ensure that the first examiner of the documents doesn't perform testing that degrades their use in the second analysis? While Mr. Moore asserts in his affidavit that "[a]ll proposed examinations will be entirely non-destructive to the document and will be conducted in a manner so as not to compromise future additional or confirmatory examinations or testing," he also states that "I need to review these documents before any other testing is done to the documents," implying that the first tester may intentionally or unintentionally degrade a second tester's ability to accurately assess aspects of the document in question. (Document 41, p. 4.) Mr. Moore's assertion

that he intends to "analyze the inks used in the documents and draw conclusions about the different types of inks and to detect whether alterations or interlineations have been made," suggests the use of reagents or chemicals which may alter the appearance of the writing on the documents and hinder or prevent subsequent handwriting analysis. Id. The government requests that the Order issued in this case specifically directly the first examiner, whether it be Mr. Moore or the Secret Service, to conduct no test that could hinder a second examiner from conducting the same set of tests, as well as handwriting analysis.

    Third, the government wishes to ensure that the potential admissibility of these files remains intact following their journey from the state and federal government, through several hands, to trial. A stipulation on this issue by the government and defendant VEYS would seem an easy solution, except that defendant JAIRELL would retain the right to object at trial and, inasmuch as he is currently resisting the provision of his own handwriting exemplar, may well exercise that right. The government suggests that a formal chain of custody be created, whereby the documents are produced by the state and Coast Guard to the case agent, who immediately sends them with a written chain of custody form to the first examiner, who sends them back to the case agent within a specified time period along with a completed chain of custody form, after which the case agent sends the documents to the second examiner, and so forth. All the

requested records and the case agent (U.S. Fish and Wildlife Service Special Agent Sam Friberg) are presently located in Juneau, Alaska, making this procedure fairly simple.

### III.  CONCLUSION

For the reasons stated herein, the government does not oppose defendant VEYS's Motions for Production of Documents, but asks the Court to draft an Order setting a schedule for analysis by both sides, limiting testing as described above and providing a method of preserving the documents' foundational integrity as they pass from party to party.

RESPECTFULLY SUBMITTED this 9th day of January, 2007.

  s/ Robert S.  Anderson
ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

  s/ Steven E.  Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
#0108051

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2007
a copy of the foregoing was served
electronically on: Bret Cole and Kevin Fitzgerald.


s/ Steven E. Skrocki