**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **1:06-cr-00003 JWS** |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER FROM CHAMBERS** |
| ) | |
| **ALAN J. VEYS and** ) | |
| **JAMES E. JAIRELL,** ) | **[RE:   Motion at Docket 32]** |
| ) | |
| **Defendants.** ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 32, plaintiff moves to change the trial venue from Juneau to Anchorage.  Defendant Jairell filed a notice of non-opposition at docket 34.  The motion has been opposed by defendant Veys at docket 49.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

The United States obtained an indictment against defendants Veys and Jairell which includes fourteen counts.[1]  The indictment was returned as a case to be tried in Juneau, one of five cities where this court is authorized to sit.[2]  Both defendants are charged with conspiracy to violate the Lacy Act (Count 1) and four counts of interstate trafficking in violation of the Lacy Act (Counts 2-5), while defendant Jairell alone is charged with eight counts of false labeling in violation of the Lacy Act (Counts 6-13).

---

[1] Doc. 2.

[2] 28 U.S.C. § 81A.

There is also one count seeking forfeiture of a vessel allegedly involved in the Lacy Act violations (Count 14). Defendants pled not guilty to the charges, and trial was set for January 8, 2007, in Juneau. Subsequent to the filing of the motion to change venue, the court granted an earlier filed and unopposed motion to continue trial until March 5, 2007.[3]

### III. DISCUSSION

Rule 18 of the Federal Rules of Criminal Procedure provides as follows:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice.

The court interprets Rule 18 to identify three criteria which it must consider in this instance: (1) convenience of the place of trial to both defendants; (2) convenience of the place of trial to all parties' witnesses; and, (3) effect of the place of trial on the prompt administration of justice.

Analysis of the motion under Rule 18 requires the court to consider facts arising from the unusual nature of the geography and transportation infrastructure of Alaska.[4] Juneau, Alaska's capital city, is located in Southeast Alaska, substantially closer to the "Lower 48" states than is Anchorage, the financial and logistical hub of the state. Juneau may be reached only by air or water transport. As a practical matter, however, the distance of both Juneau and Anchorage from the Lower 48 means that when speaking of transporting witnesses from "Outside" to Alaska for a trial, air travel is the only means of transportation which needs to be considered.

Despite Juneau's relative proximity to the Lower 48, it is very often easier and frequently cheaper to fly from the Lower 48 to Anchorage than to Juneau. This is so because there are many more flights to Anchorage from Seattle, the principal gateway

---

[3]*See* doc. 44.

[4]The court takes judicial notice of the facts recited in this and the next paragraph pursuant to Fed. R. Evid. 201(b)(1). Any party disputing the accuracy of the noticed facts may request to be heard pursuant to Fed. R. Evid. 201(e) within five days from the date of this order.

for air travel to Alaska, than flights from Seattle to Juneau each day; flights to Juneau commonly stop at Ketchikan and Sitka or another intermediate destination; and there are several cities in the Lower 48 in addition to Seattle which have direct flights to Anchorage. During the winter months, air travel to Juneau is more prone to interruption due to poor weather than is travel to Anchorage. Although installation of better automated landing systems has greatly reduced the number of flights which are unable to land in Juneau due to inclement weather, weather problems sometimes ground planes bound for Juneau from Seattle at intermediate stops.

The case load of this District Court is such that all of the District Judges maintain chambers in Anchorage. The court's case load in Juneau is so small that the Clerk of Court has only one employee in Juneau. Thus, when a trial is held in Juneau, it is necessary to transport courtroom staff as well as the trial judge from Anchorage. The United States Attorney's Office has no attorney resident in Juneau. The United States Probation and Pre-trial Services Office has no employees in Juneau. The United States Marshal for this district has no employees in Juneau. The docket of the assigned judge is overwhelmingly filled with matters that must be heard in Anchorage (proposed changes of plea, impositions of sentence, revocations of supervised release, oral arguments, motions for injunctive relief, trials, etc.) because the lion's share of cases, both civil and criminal, are filed in Anchorage.

The record in this case shows the following: defendant Jairell lives in Wyoming, not Juneau. Counsel for defendant Jairell resides in Anchorage. Defendant Veys has his home at Pybus Point about sixty miles from Juneau, but spends a portion of the winter in Washington, not Juneau. Counsel for defendant Veys resides in Anchorage, but Veys' investigator resides in Juneau. The United States expects to call twenty-five witnesses to testify. Of these, four live in or near Juneau and many live in the Lower 48.[5] Counsel for Veys represents that approximately ten witnesses from Juneau would be called at trial. Of these, four will give testimony as to the authenticity of documents related to the charges. The other six or so would testify about defendant Veys'

_____

[5]Doc. 32 at pp. 2-3.

-3-

business practices.[6]  It appears to the court that the four Juneau residents the United States plans to call are included among the ten witnesses mentioned by Veys' counsel.[7] Although not mentioned in Veys' opposition, Veys has one critical witness[8] who resides Outside.  That witness is his forensic documents expert, David Moore.  Mr. Moore's offices are in Fair Oaks, California.[9]  In summary, it appears that about ten witnesses of a total of about thirty-two witnesses to be called reside in or near Juneau.[10]

Turning to the factors which the court must consider, the first is convenience of the forum for defendants.  Here, defendant Veys finds trial in Juneau more convenient. On the other hand, defendant Jairell, who faces more charges than does Veys, does not oppose moving the trial to Anchorage.  Under all of the circumstances, the convenience to defendants weighs slightly in favor of trial in Juneau.  The second factor is convenience of the forum for the witnesses.  For roughly two-thirds of the witnesses, a trial in Anchorage would be more convenient.  The court concludes that the convenience of witnesses weighs in favor of granting the motion to change venue to Anchorage.  The third factor is the prompt administration of justice.  That factor also favors trial in Anchorage for two reasons.  First, if it becomes necessary to juggle competing demands on the docket of the trial judge, that can more readily be accomplished if the trial is held in Anchorage, because most other matters on the docket are scheduled for Anchorage.  Second, the prospects for delay in the trial are greater in Juneau than in Anchorage, due to the greater chance of travel delays

---

[6]Doc. 49 at p. 4.

[7]In particular, the four document witnesses mentioned by defense counsel seem to the court to be the types of witnesses plaintiff would have to call in order to be able to use the documents in its case in chief.

[8]*See* doc. 40.

[9]Doc. 41 at ¶5.

[10]The ten Juneau area witnesses are the four to be called by plaintiff who might also be called by defendants plus an additional six witnesses from the Juneau area who may be called by defendants.  The total of thirty-two includes those ten plus the twenty-one other witnesses to be called by plaintiff and defendant Veys' expert, Mr. Moore.

affecting the timely availability of persons who need to be present at trial.  This is true not just for the majority of witnesses, but for all counsel, the trial judge, and all necessary court personnel.

### IV.  CONCLUSION

For the reasons set out above, the motion at docket 32 is **GRANTED**.  The final pre-trial conference and the trial by jury in this case will be held in Anchorage, Alaska. DATED this 9th day of January, 2007, at Anchorage, Alaska.

_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE