Kevin T. Fitzgerald, Esquire
ABA No. 8711085
Ingaldson, Maassen &
Fitzgerald, P.C.
813 West Third Avenue
Anchorage, Alaska 99501
(907) 258-8750-(907) 258-8751/Facsimile
E-mail: kevin@impc-law.com

Attorneys for Defendant Jairell

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | No. 1:06-cr-00003-02-JWS-PMP |
| Plaintiff, | ) ) ) | |
| | ) ) | **JAIRELL'S RESPONSE TO** |
| JAMES E. JAIRELL and ALAN VEYS, | ) ) ) | **VEYS' MOTION FOR PRODUCTION** **OF ORIGINAL DOCUMENTS** |
| Defendant. | ) ) ) | |

## I. INTRODUCTION

Comes now defendant, James E. Jairell, by and through counsel of record and hereby responds to co-defendant, Alan Veys', request for production of original documents from Jairell's licensing file and Lone Eagle Resort, Inc.'s transporter file. Jairell must oppose the motion. Veys' motion does not satisfy the requirements for the issuance of a subpoena duces tecum pursuant to Criminal Rule 17. The motion should be denied.

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Jairell's Response to Veys'
Motion for Production of Original Documents
Page 1 of 4

## II. ARGUMENT

Jairell agrees that pretrial production of evidence pursuant to Rule 17(c) is appropriate where the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend reasonably to delay the trial; and (4) that the application is in good faith and is not intended as a general "fishing expedition."

However, Veys has not, nor cannot, show that he has satisfied all four elements warranting production of the requested documents.

### (A) THE REQUESTED RECORDS ARE NOT EVIDENTIARY OR NECESSARY FOR THE PURPOSES PROFFERED HERE BY VEYS

It is true that Veys and Jairell have been charged with a single count of conspiracy. According to the government, the alleged objective of the conspiracy was to provide bear guiding and outfitting services for associated fees while claiming the bears were taken during non-guided hunts. It is also true that one of the 27 overt acts in support of the conspiracy charge alleges that Veys signed an affidavit in support of Jairell's Class A Assistant Guide

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Jairell's Response to Veys'
Motion for Production of Original Documents
Page 2 of 4

License Application. However, Veys' contention that this single act is "an essential part of the government's case against Mr. Veys" seriously distorts the focus of the government's case against Veys. The truth is that Veys' affidavit of April 20, 2000, has little to do with whether Veys and Jairell conspired more than a year later, as suggested in the Indictment. Further, Veys' affidavit has <u>nothing</u> to do with the remaining substantive counts charging Veys with Illegal Wildlife Trafficking.

Further, production of Jairell's entire original guide file and the transporter file for Lone Eagle Resort, Inc. is simply not necessary. Veys' handwriting expert, Mr. Moore has already reviewed documents from these files and arrived at "initial conclusions."[1] Presumably, whatever additional information, if any, which might be necessary to verify Mr. Veys' signature on the April 20, 2000, affidavit, can come from Mr. Veys himself.

For these reasons, Veys' request fails to satisfy the elements necessary for pre-trial production pursuant to Rule 17(c). The requested documents are, at most, marginally

---

[1] Of course, the fact that Mr. Moore has managed to arrive at any conclusions without the benefit of the original documents, undercuts the claim that he now needs the documents to form conclusions. Curiously, the instant motion also cuts against the government's motion to compel a handwriting exemplar

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Jairell's Response to Veys'
Motion for Production of Original Documents
Page 3 of 4

relevant. Moreover, the production of the records is simply unnecessary.[2] The stated purpose of the motion can be achieved absent production of the original documents. The motion should be denied.[3]

        Dated at Anchorage, Alaska January 9, 2007.

        INGALDSON, MAASSEN &
        FITZGERALD, P.C.
        Attorneys for Defendant

        s/Kevin T. Fitzgerald
        ABA No. 8711085
        813 West Third Avenue
        Anchorage, AK  99501
        Fax: (907) 258-8751
        E-mail: kevin@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 1/9/07,
a copy of the foregoing document
was served electronically on:

Robert S. Anderson
Allen Frank Clendaniel
Brent R. Cole
Steven Skrocki

 s/Kevin T. Fitzgerald
F:\W\3079-1\Pleadings\Response to Veys Mtn for Prod of Orig Documents.doc

---

of Jairell. By virtue of Veys' stated objective in the instant motion a handwriting exemplar is unnecessary.
[2] The scope of the requested documents is also overly broad. It would not appear that Veys' expert would need any more than Jairell's guide file to reach any conclusions.
[3] If the court grants the motion, Jairell requests timely production of the expert's report and backup. This is particularly of concern given what appears to be Veys' attorney's position regarding reciprocal or Rule 26 disclosures. Given the continuation of the trial into March, Jairell does not want to be placed in a position where on the eve of trial an expert report is produced which warrants severance of the defendants.

USA v. Jairell
No. 1:06-cr-00003-02-JWS-PMP
Jairell's Response to Veys'
Motion for Production of Original Documents
                Page 4 of 4

INGALDSON,
MAASSEN &
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751