Allen F. Clendaniel
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Brent R. Cole
MARSTON & COLE, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK 99501
Telephone:   (907) 277-8001
Facsimile:    (907) 277-8002

Attorneys for Defendant Alan J. Veys

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ALAN J. VEYS and JAMES E. JAIRELL<br><br>Defendants. | Case No. 1:06-CR-00003-HRH-PMP<br><br>**MOTION TO DISMISS COUNTS 2-5 OF THE INDICTMENT AND STRIKE OBJECTIVE NUMBER ONE FROM COUNT 1** |

Defendant Alan J. Veys ("Veys") hereby moves this Court to dismiss Counts 2-5 of the indictment for failure to allege the necessary elements of the charged offense. Veys also moves this Court to strike Objective Number One from Count 1, the Conspiracy count, because Objective Number One fails to state an illegal objective.

I.     ARGUMENT

The failure to allege an element of a charged offense is a fundamental defect that renders an indictment constitutionally defective. *United States v. Chesney,* 10 F.3d 641, 643 (9th Cir.1993); *see also United States v. Kurka,* 818 F.2d 1427, 1430-31 (9th Cir.1987) ("The indictment failed to charge that the damage to the motor vehicle was 'willful' and thus it failed to charge an essential element of the crime. The failure to include the element of willfulness thus renders the indictment constitutionally defective."). When an indictment fails to state an offense, it must be dismissed. *See Chappell v. United States,* 270 F.2d 274, 279 (9th Cir.1959) (remanding the matter to the district court with instructions to dismiss Count I of the indictment because it "stated no offense").

### A.     THE SUBSTANTIVE LACEY ACT COUNTS MUST BE DISMISSED.

The indictment in this case charges Veys with four substantive Lacey Act violations, Counts 2-5, and one conspiracy count, Count 1. Counts 2-5 are similar in all respects relevant to this motion.[1] Count 2's allegations illustrate the defects that are fatal to Counts 2-5. Count 2 provides:

> On or about June 7, 2001, in the State and District of Alaska and elsewhere, ALAN J. VEYS and JAMES E. JAIRELL knowingly engaged in conduct involving the sale, offer to sell and intent to sell wildlife, having a market value in excess of $250, to wit: 2 black bears (Ursus americanus), by knowingly transporting said wildlife in interstate commerce from Alaska

---

[1] The only differences are the number of bears alleged to be transported, the date of alleged transport, and the state outside of Alaska to which the bears were allegedly transported.

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION TO DISMISS - 2
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002

>to Utah, , knowing said wildlife was sold in violation of, and in a manner unlawful under, Alaska state law and regulation, specifically AS 08.54.720(a)(3), (9), (11), (14).
>
>All in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B) and Title 18, United States Code, Section 2.

Counts 2-5 are constitutionally defective because they fail to state a necessary element of a 16 U.S.C. § 3372(a)(2)(A) Lacey Act charge predicated on the "sale" of wildlife in violation of state law.

Under the Lacey Act, it is deemed to be a "sale" for purpose of the Act for "a person for money or other consideration to offer or provide (a) guiding, outfitting, or other services; or (b) a hunting or fishing license or permit; for the illegal taking, acquiring, receiving, transporting, or possessing of fish or wildlife." 16 U.S.C. § 3372(c)(1). From the plain language of the statute, it is unmistakably clear that the guiding or outfitting services must be *for* the illegal taking, acquiring, receiving, transporting, or possessing (hereinafter "taking") of fish or wildlife for there to be federal Lacey Act liability  Therefore, in order for the sale of guiding or outfitting services to support a federal Lacey Act violation, the taking of the wildlife must itself be illegal. The sale of the guiding services, in itself, may or may not be illegal under state law, but, under the plain language of the Lacey Act, if the taking of the wildlife is not illegal under state law, it is not a federal crime.

This interpretation is supported by legislative history. The purpose of 16 U.S.C. § 3372(c) is to render "the providing of guiding, outfitting, and transportation services . . . *used in the illegal* taking, acquiring, receiving transporting, or possessing of fish or

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS - 3
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002

wildlife" subject to the felony enforcement provisions of the Lacey Act." *See United States v. Fejes*, 232 F.3d 696, 701 (9th Cir. 2000) (quoting H.R. Rep. No. 100-732, at 12 (1988)) (emphasis added). The purpose is to expand the reach of the Act to cover those who provide support for illegal taking of wildlife, not to federally criminalize state guiding and outfitting law.[2]

Counts 2-5 of the indictment fail to state an offense because the counts fail to allege that the wildlife was taken in violation of Alaska law. The indictment alleges violations of AS 08.54.720(a)(3), (9), (11) and (14). Those Alaska statutes make it illegal for:

1. a class-A assistant guide or an assistant guide to knowingly guide a big game hunt except while employed and supervised by a registered guide-outfitter, AS 08.54.720(a)(3);

2. a person without a current registered guide-outfitter license to knowingly guide, advertise as a registered guide-outfitter, or represent to be a registered guide-outfitter, AS 08.54.720(a)(9);

3. a person without a current registered guide-outfitter license to knowingly outfit a big game hunt, provide outfitting services, advertise as an outfitter of big

---

[2] It should be noted that in *Fejes,* the government charged defendant Fejes with a number of Lacey Act violations. Each violation was grounded on Fejes's assistance in the taking and transporting of wildlife in violation of Alaska's hunting laws, namely its same day airborne regulation. *Fejes,* 232 F.3d at 699. Indeed, the Ninth Circuit noted that the "jury found that Fejes sold caribou in violation of the Lacey Act by providing guide services to two hunters that *took the caribou in violation of Alaska law*." *Id.* at 698 (emphasis added).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS - 4
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002

       game hunts, or represent to be an outfitter of big game hunts. AS 08.54.720(a)(11), and

4. a class-A assistant guide or an assistant guide to knowingly contract to guide or outfit a hunt, AS 08.54.720(A)(14).

Importantly, none of the above Alaska statutory provisions address the taking of wildlife. Instead, the Alaska statutes cited in the indictment regulate the professional occupation of big game guiding and outfitting. AS 08.54.720 is located in Title 8 of the Alaska Statutes. Title 8 is entitled Business and Professions and covers, among others, the following professions and occupations: accountants (AS 08.04.005-690), attorneys (AS 08.08.010-250), barbers and hairdressers (AS 08.13.010-220), and hearing aid dealers (AS 08.55.010-200). The Alaska statutes relied on in Counts 2-5 do not regulate or even address how wildlife in Alaska can be taken. Instead, they regulate the professional occupation of big game guiding. Therefore, while the indictment may allege a violation of Alaska law,[3] it fails to allege the sale of guiding or other services *for* the illegal taking of wildlife.

In this case, the indictment alleges the commission of state law crimes related to illegal guiding and outfitting, but it fails to state violations of state law regarding the taking of wildlife. Accordingly, the state law violations alleged in the indictment do not

---

[3] Obviously, not every state law violation tangentially related to the taking of wildlife creates Lacey Act liability. For example, a hunter who legally kills a bear while possessing cocaine and, who subsequently transports that bear in interstate commerce, has not committed a Lacey Act violation, although he has committed the state crime of possession of a controlled substance.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS - 5
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002

and cannot support a Lacey Act violation. Counts 2-5 of the indictment fail to state the necessary element of a Lacey Act violation that the sale of guiding and outfitting services was for the illegal taking of fish or wildlife. The indictment fails to allege that the bears were taken in violation of Alaska law. Instead, the indictment confuses a violation of state professional licensing laws with a violation of state law governing the taking and acquiring of wildlife. The Constitution forbids such confusion. *Chesney,* 10 F.3d at 643.

Counts 2-5 of the indictment fail to allege the necessary element of a Lacey Act offense predicated on a sale of guiding or outfitting services under 16 U.S.C. § 3372(c), that those services were used for the taking of the wildlife that violated state law. Accordingly, Counts 2-5 must be dismissed from the indictment because they fail to allege necessary elements of the charged offense.

### B. OBJECTIVE NUMBER ONE OF THE CONSPIRACY COUNT MUST BE STRUCK FROM THE INDICTMENT.

Count 1 charges Veys with conspiracy to violate the Lacey Act. The indictment alleges that Veys and Defendant James E. Jairell conspired to achieve the illegal objective of violating the 16 U.S.C. § 3372(a)(2)(A) of the Lacey Act. The indictment calls that objective Objective Number One and describes Objective Number One as follows:

> To knowingly engage in conduct involving the sale of wildlife having a market value exceeding $350, to wit: black bears, by placing the trophy parts of the bears into the stream of interstate commerce between Alaska and other states, having sold and provided guiding and outfitting services for the taking of the bears by non-resident client/hunters without being licensed to sell or provide such services, in violation of Alaska state laws and regulations, knowing the sale and provision of such services were

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS - 6
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002

unlawful.  Such conduct is prohibited by the Lacey Act, at Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B).

For the same reasons that Counts 2-5 must be dismissed, Objective Number One must also be struck from the indictment.[4]  Because the substantive charge does not state a crime, the conspiracy based on the objective to commit the exact same substantive crime is not an illegal objective.  Put simply, it is not a federal crime to illegally guide a lawful taking of wildlife just because one subsequently transports the wildlife across state lines.  Accordingly, Objective Number One must be stricken from the indictment.

## II.    CONCLUSION

For the reasons stated above, Counts 2-5 must be dismissed from the indictment and Objective Number One of Count 1 must be stricken from the indictment.

DATED this 9th day of February, 2007, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:      /s/ Allen F. Clendaniel
   Allen F. Clendaniel, ABA #0411084
   DORSEY & WHITNEY LLP
   1031 West Fourth Avenue, Suite 600
   Anchorage, AK 99501-5907
   Telephone:    (907) 276-4557
   Facsimile:    (907) 276-4152
   E-mail: Clendaniel.Allen@Dorsey.com

---

[4] The entire conspiracy count stands because Objective Number Two does allege an illegal objective.  Veys notes, however, that the evidence of this objective, as alleged in the indictment, is razor thin and that Veys is not charged with a substantive Lacey Act violation of 16 U.S.C. § 3372(d).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS - 7
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002

Brent R. Cole, ABA #8606074
MARSTON & COLE, P.C.
745 West Fourth Avenue, Suite 502
Anchorage, AK 99501
Telephone:     (907) 277-8001
Facsimile:      (907) 277-8002
E-mail: BCole@MarstonCole.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 9, 2007,a copy of the foregoing document was served on:

Robert S. Anderson, Esq.
Steven E. Skrocki, Esq.
Wayne D. Hettenbach, Esq.

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/ Allen F. Clendaniel
Allen F. Clendaniel
Dorsey & Whitney, LLP

**DORSEY &**
**WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION TO DISMISS - 8
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH
4842-7810-0737\1\480253\00002