NELSON P. COHEN
United States Attorney

ROBERT S. ANDERSON
WAYNE D. HETTENBACH
Trial Attorneys
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:06-cr-00003-HRH |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S NOTICE OF |
| | ) | INTENT TO OFFER EVIDENCE |
| | ) | OF OTHER CRIMES, WRONGS, |
| vs. | ) | OR ACTS PURSUANT TO FED. |
| | ) | R. EVID. 404(b) . |
| ALAN J. VEYS and | ) | |
| JAMES E. JAIRELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff, United States of America, by and through its

undersigned counsel, and notifies the Court and defendants of its intent to introduce,

during its case-in-chief at trial of the above-cited matter, evidence of other crimes, wrongs or acts committed by the defendants, pursuant to Fed.R.Evid. 404(b) to prove intent, plan, knowledge and absence of mistake or accident.

## I. INTRODUCTION

The defendants are charged in a 13-count Indictment with conspiring to violate the Lacey Act beginning in about February 2000 and continuing at least through late 2001. They are also charged with substantive violations of the Lacey Act's anti-trafficking and false-labeling provisions during the same period. The gravamen of these charges is the defendants' alleged sale and provision of guiding services to black bear hunters staying at defendant VEYS's Pybus Point Lodge in Southeast Alaska, and subsequent interstate transport of bear parts, without the involvement of a registered guide, as required by Alaska state law. Evidence at trial will demonstrate that the scheme was facilitated both by the defendants' falsification of state application forms for defendant JAIRELL's Class A Assistant Guide license, and by JAIRELL'S falsification of black bear "sealing" forms submitted to the State which reported that no guiding services were provided on the hunts in question.

The government expects defendant VEYS to argue at trial that he is a law-abiding businessman who, along with his employee, Valerie Svendsen, was duped by defendant JAIRELL into signing the forms containing false information which allowed JAIRELL to obtain a Class A guide license, and that VEYS was subsequently unaware whether

JAIRELL did nor did not involved a registered guide in all the black bear hunts VEYS sold to Lodge clients.

The government expects defendant JAIRELL to aver that his conduct was innocent because (a) the charged hunts were "fun hunts" for VEYS's Lodge clients for which no compensation was paid and, therefore, no "guiding services" could have been provided, and/or (b) any guiding services he provided on the charged hunts were "covered" by a registered guide under whom he worked on other hunts.

Each of these defenses will embody a suggestion that the defendants' conduct was innocent and any violation of law was mistaken or accidental, lacking intent or plan. Pursuant to Fed. R. Evid. 404(b), the government intends to introduce evidence of the following crimes, wrongs or acts to demonstrate the defendants' intent, plan, knowledge and absence of mistake or accident in the commission of the charged crimes:

    A.    Defendant JAIRELL's submission to the U.S. Coast Guard, in December 2002, of Small Vessel Sea Service Forms, falsely stating his experience operating one or more Pybus Point Lodge vessels, supported by a letter from defendant VEYS falsely attesting to JAIRELL's operator experience;

    B.    Defendant VEYS's May 2005 submission to the National Oceanic and Atmospheric Administration of a Subsistence Halibut Registration Certificate (SHARC) application stating his address as general delivery, Kake, Alaska;

    C.    Defendant JAIRELL'S conviction for illegally killing a brown bear sow accompanied by cubs (while in the field with defendant VEYS) on May 1, 2003 in Kodiak, Alaska case number 03-31277; and

    D.    Defendant JAIRELL's conviction, in October 2005, in State of Alaska Case No 1JU-S05-312-CR of Unsworn Falsification in connection with

>falsified Class A Assistant Guide application materials signed by he and defendant VEYS in April 2000.

E. Defendant JAIRELL's illegal taking of two black bears in Game Management Unit #3 during the 2000 regulatory year (too many bears for a non-resident), for which he was convicted as part of State of Alaska Case No 1JU-S05-312-CR in October 2005;

F. Defendant JAIRELL's unlawful possession and transportation of a brown bear to the Alaska Department of Fish and Game for sealing (bear killed by his daughter without the use of a registered guide or resident relative) in May 2002, for which he was convicted as part of State of Alaska Case No 1JU-S05-312-CR in October 2005.

G. Defendant JAIRELL's involvement in guiding Pybus Point Lodge client Douglas Owen on an illegal black bear hunt in May, 2001, and JAIRELL's use of his own black bear license to tag Owen's (second) bear, after which JAIRELL fraudulently presented the bear for sealing and transported the trophy parts to Owen's home state of Louisiana.

## II. ADMISSIBILITY OF "OTHER ACTS" EVIDENCE

The defendants have entered pleas of not guilty to all of the charges against them. "A simple plea of not guilty . . . puts the prosecution to its proof as to all elements of the crime charged." Estelle v. McGuire, 502 U.S. 62, 69 (1991) (quoting Mathews v. United States, 485 U.S. 58, 64-65 (1988). To satisfy its burden of proof on the charges, the government will be required to produce evidence satisfying each element of each of these charges. The prosecution is entitled to introduce all relevant evidence pertaining to the various elements of the offense regardless of whether the defendants are actually contesting that element. Id. Although the defendants might suggest that they will not raise the issues of intent, plan, knowledge or lack of mistake or accident as defenses, the

government will still need to prove the defendants' state of mind at trial, hence the evidence is probative. United States v. Nelson, 137 F.3d 1094, 1107 (9th Cir.) (defendant's state of mind relevant even though not the disputed issue in the case) cert. denied, 525 U.S. 901 (1998); United States v. Mayans, 17 F.3d 1174, 1182 (9th Cir. 1994) (knowledge and intent were material issues simply because the government had to prove them and its burden of proof was unaffected by defendant's choice of defense).

Evidence of certain uncharged acts is admissible at trial pursuant to Rule 404(b), Federal Rules of Evidence, which provides:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . .

The proper application of this rule has been described by the Supreme Court in Huddleston v. United States, 485 U.S. 681 (1988). After examining the legislative history of the rule, the Court found it was meant to be inclusive rather than exclusive; "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence." Id. at 688–89. The Ninth Circuit has also repeatedly declared Rule 404(b) to be a rule of inclusion, not exclusion. See, e.g., United States v. Meling, 47 F.3d 1546 (9th Cir. 1995), United States v. McKoy, 771 F.2d 1207 (9th Cir. 1985). The determination of admissibility rests in the sound discretion of the trial court

which is generally given great deference upon review.  <u>United States v. Sangrey</u>, 586 F.2d 1312, 1314 (9th Cir. 1978).  Admission of such evidence is not considered reversible error absent a showing that the admission constituted an abuse of the trial court's discretion.  <u>United States v. Leon-Reyes</u>, 177 F.3d 816, 819 (9th Cir. 1999).

In the Ninth Circuit, "other acts" evidence should be admitted under Rule 404(b) if (1) the other act evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in some cases, the other act is similar to the offense charged.  <u>United States v. Montgomery</u>, 150 F.3d 983, 1000 (9th Cir.) <u>cert</u>. <u>denied</u>, 525 U.S. 917 (1998); <u>United States v. Rude</u>, 88 F.3d 1538, 1549-50 (9th Cir. 1996).  In addition, the Ninth Circuit has "specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry."  <u>See</u> <u>Mayans</u>, 17 F.3d at 1183.  That is, the district court must conduct an analysis under Rule 403 and determine whether the probative value of the other acts is substantially outweighed by its prejudicial effect.  <u>See</u> <u>United States v. Arambula-Ruiz</u>, 987 F.2d 599, 602 (9th Cir. 1993).

### III. THE OTHER ACTS EVIDENCE IS PROPERLY ADMISSIBLE

#### A. Relevance

<u>Item A - Coast Guard forms and letter</u>:  The government expects to prove that in late 2002 defendant JAIRELL applied for a Coast Guard master's license using forms

which drastically overstated the number of hours he had operated vessels in Alaska. The Coast Guard issued a master's license to JAIRELL on the basis of these documents. The government will introduce a letter, signed by VEYS, dated May 2002, apparently intended for submission to the "Coats Guard," in which VEYS attests to the false number of operator hours. The purpose of introducing evidence of these actions is to demonstrate a relationship in which VEYS appears to help JAIRELL present false information to a government agency for the purpose of advancing JAIRELL's ability to provide services to clients in Alaska. Like their apparent cooperation in April 2000 in providing false documents in support of JAIRELL's Class A guide license application, this conduct would support a conclusion that they intentionally worked in concert to fraudulently obtain a benefit for one or the other.

Item B - VEYS's Fraudulent SHARC application: The government intends to show that in May 2005, defendant VEYS sought to obtain the benefit of a "SHARC card" (allowing him to catch halibut in amounts far exceeding the normal limits), by falsely stating on his application form that his address is General Delivery, Kake, Alaska. The government will show that the SHARC program was not applicable to the Pybus Point Lodge area, where defendant VEYS lived during the fishing/hunting seasons, or in Juneau (where he received mail for the Lodge), that he did not live or receive mail in Kake, and that his motive for listing Kake on the form was to fraudulently receive a SHARC registration. The purpose of this evidence will be to

establish that defendant VEYS needed no encouragement from defendant JAIRELL to falsify documents to obtain a benefit and to defeat a claim that a claim that his participation in helping JAIRELL fraudulently obtain a guide license or master's license was not the result of mistake, accident, or lack of intent.

    Items C, E, F and G - JAIRELL's Prior Alaska Wildlife Crimes: Defendant JAIRELL's prior convictions for hunting violations, particularly the conviction for possessing and transporting illegally taken wildlife, is similar to the crimes charged and thus relevant to show his knowledge, intent, and absence of mistake in carrying out the current crimes. The similarity of the prior acts to the crimes charged is one means of assessing the relevance and probative value of the evidence. United States v. Hernandez-Miranda, 601 F.2d 1104, 1109 (9th Cir. 1979). Indeed, although similarity between prior acts and present offenses is a key factor when it is being used to prove the identity of the defendant, it is not considered as important when the prior acts evidence is offered as proof of other issues, such as motive, intent, plan or design. United States v. Powell, 587 F.2d 443 (9th Cir. 1978). The Ninth Circuit has held that in cases involving the use of prior crimes to show opportunity, knowledge, preparation, or motive, similarity may or may not be necessary, depending on the circumstances. United States v. Vizcarra-Martinez, 66 F.3d 1006, 1014 (9th Cir. 1995); United States v. Luna, 21 F.3d 874, 878 n. 1 (9th Cir. 1994); United States v. Miller, 874 F.2d 1255, 1269 (9th Cir. 1989); see also United States v. Laurins, 857 F.2d 529, 541-42 (9th Cir. 1988) (despite

lack of similarity, evidence of fraudulent nature of tax shelter was admissible to prove motive to disobey court order and obstruct IRS investigation).

   Item D - JAIRELL's Unsworn Falsification Convictions: These state convictions stem from the falsified Hunting Experience Affidavits, signed by JAIRELL, VEYS, an employee of VEYS and others, in April 2000 and submitted to the State of Alaska, which allowed JAIRELL to obtain a Class A guide license.  The falsification and submission of these forms are charged as overt acts in the conspiracy count: they are not themselves "other acts" but integral parts of the alleged crimes.  In this item the government simply notices its intent to admit the JAIRELL's "no contest" plea to the state's falsification charges based on these documents, and his conviction therefor.

   **2.**  **Temporality.**

   Items A, C, D, E, F and G all fall within the time frame of the charged conspiracy.  Item B falls outside the parameters of the charged time frame and actually occur after the offense charged.  The government interprets this activity as "other bad act conduct" which are sufficiently close in time to the charged offenses to be admissible.  Indeed, in circumstances of prior bad act analysis the Ninth Circuit has admitted prior bad act evidence that was done 7, 13 and 10 years prior to the charged offenses.  *See,* United States v. Iverson, 162 F.3d 1015, 1027 (9th Cir.1998), *citing*; United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997)(13 years) and United States v. Hadley, 918 F.2d 848, 851 (9th Cir.1990) (10 years)  Accordingly, given that other acts in this case occurred

within four years of the charged offenses, the issue of timeliness is satisfied. Thus, the other bad act conduct listed in Item B, being within four years of the charged offenses, is not sufficiently remote in time to be excluded.

### 3.     Reliability.

To satisfy this prong of the 404(b) test, the government need only demonstrate that there is sufficient evidence, which need not reach the level of proof by a preponderance of the evidence—for the jury to conclude that the defendant committed the other acts. Huddleston, 485 U.S. at 681 (1998). The government will introduce evidence of the listed "other acts" through witness testimony and documentary evidence, including certified court records for Items C-F, for which he was convicted. The documents supporting Items A - F have been produced to the defendants and examined extensively by a forensic examiner hired by defendant VEYS. Their foundational virtue seems unlikely to be challenged. The facts supporting Item G were only recently confirmed by investigators and will be proved by testimony of Mr. Owens, photographs and documents including defendant JAIRELL's license history and bear sealing records.

### 4.     Potential for unfair prejudice.

Like all relevant evidence introduced in the government's case against a defendant, evidence of other crimes, wrongs or acts is, by definition, prejudicial to the defendant for the simple reason that it is being offered for the purpose of proving his guilt. Mere prejudice is not fatal to admissibility, however, where the evidence is both

probative of material issues before the jury (discussed above) and where its potential for unfair prejudice does not substantially outweigh is probative value.  Arambula-Ruiz, 987 F.2d at 602 (9th Cir. 1993); United States v. Young, 573 F.2d 1137 (9th Cir. 1978).  In considering this factor, the court should weigh the strength of the evidence's probative value against the danger that admission of the evidence will unfairly prejudice the defendant.  United States v. Bailleaux, 685 F.2d 1105, 1111–12 (9th Cir. 1982).  Here, the evidence is strongly probative of intent, plan and lack of mistake or accident.  The fact that defendant's case will be harmed by the admission of the evidence does not constitute unfair prejudice.  United States v. Mills, 704 F.2d 1553, 1560 (11th Cir. 1983) (involving evidence of prior narcotics activity and holding that Rule 403 is designed only to prevent unfair prejudice, and its application must therefore be "cautious and sparing"); United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) ("[E]vidence relevant to a defendant's motive is not rendered inadmissible because it is of a highly prejudicial nature. . . .  The best evidence often is.") (internal quotations omitted); United States v. Mount, 896 F.2d 612, 663 (1st Cir. 1990) (evidence should only be excluded for unfair prejudice when there is genuine risk that emotions of the jury will be excited to irrational behavior and this risk is disproportionate to probative value of evidence).

In determining whether probative value is substantially outweighed by the danger of unfair prejudice, courts should strike balance in favor of admission when evidence indicates a close relationship to offense charged.  United States v. Day, 591 F.2d 861,

878 (D.C. Cir. 1978)).  If there is a concern about the prejudicial effect of the evidence, the Court may instruct the jury upon request that similar act evidence is to be considered only for the proper purpose of its admission.  See United States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992) (per curiam) (admission of similar evidence regarding a prior sexual assault proper when the earlier act was not too remote in time and the trial court gave a limiting instruction); United States v. Hadley, 918 F.2d 848, 852 (9th Cir. 1990) (limiting instruction cured possible prejudice from admission of evidence of defendant's prior child molestations in federal trial for that crime).

  The government will propose that the Court give such cautionary instructions both prior to the admission of the "other acts" evidence and at the end of case, according to the Ninth Circuit Model Instructions on this issue, the first of which reads as follows:

> You are about to hear testimony that a defendant previously committed other crimes, wrongs or acts not charged here.  I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of the defendant's motive, intent, plan or knowledge and for no other purpose.

Ninth Circuit Model Jury Instruction 2.10 (2003) (modified to state purpose of admission).  See also Ninth Circuit Model Jury Instruction 4.3 (2003).

  When coupled with a proper limiting instruction, the potential for unfair prejudice resulting from the admission of evidence concerning the hunting revocations described herein will produce no unfair prejudice.  Evidence of the events described in Items A-G above will be introduced through a minimum of witness testimony and documentary

evidence and will neither unduly extend the government's case or consume a significant amount of time.

## V.  CONCLUSION

For forgoing reasons, plaintiff United States of America respectfully requests that it be permitted to introduce evidence of these other crimes, wrongs, and acts of the defendants in its case in chief at trial in this matter for the limited purposes approved by the rules of evidence and stated herein.

RESPECTFULLY SUBMITTED this 12th day of February, 2007.

 s/ Robert S.  Anderson
ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

 s/Wayne Hettenbach
ROBERT S. ANDERSON
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: wayne.hettenbach@usdoj.gov

   s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
#0108051

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2007
a copy of the foregoing was served electronically on:
Brent R. Cole, Allen F. Clendaniel,
and Kevin Fitzgerald.


s/ Steve Skrocki