NELSON P. COHEN
United States Attorney

ROBERT S. ANDERSON
WAYNE D. HETTENBACH
Trial Attorneys
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:06-cr-00003-HRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **GOVERNMENT'S RESPONSE** |
| vs. | ) | **IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| ALAN J. VEYS and | ) | **STRIKE AND DISMISS** |
| JAMES E. JAIRELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff, United States of America, by and through undersigned counsel, and files its response in opposition to defendant VEYS's motion to strike Objective Number One of Count 1 and dismiss Counts 2-5 of the Indictment for failing to state an offense under the Lacey Act.  (Document 75.)  The motion should fail because its premise - that a guided commercial big-game hunt sold in violation of state law is a valid Lacey Act predicate only if its objective is the illegal killing, possession or transportation of game - is an inaccurate reading of the text and meaning of the Lacey Act.

## I.  ARGUMENT

1.    Lacey Act Trafficking Charges Are Properly Triggered By The Unlawful Sale Of Guiding Services, Regardless Of Whether Animals Are Taken Illegally

The Lacey Act trafficking allegations in Count 1, Objective 1 and Counts 2-5 are based on Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B which prohibit, in the context of this case, the commercial interstate transport of wildlife  "sold in violation any law or regulation of any State..."  This phrase is not explained or defined in the Act: common sense and the interpretive caselaw demonstrate that the illegal sale of wildlife can take many different forms, most commonly the sale of live specimens, dead specimens or their parts.  See, e.g. United States v. McNab, 331 F.3d 1228 (11th Cir. 2003) [Lacey Act charges predicated on import and sale of undersized spiny lobsters]; United States v. Danielson, 325 F.3d 1054 (9th Cir. 2003) [Lacey Act charges

predicated on unlawful sale of deer antlers]; United States v. Dove, 247 F.3d 152 (4th

Cir. 2001) [Lacey Act charges predicated on unlawful sale of bear gallbladders].

The predicate unlawful sale of wildlife alleged in this case is the sale by

defendants Veys and Jairell of guided black bear hunts to clients of Veys's lodge on

Admiralty Island, completed by Jairell's guiding of the hunters, after which the

defendants' transported of the trophy bear parts in interstate commerce from Alaska to

the hunters' home states, all without the involvement of a "registered guide," which the

Alaska statutes listed in those counts require.  (The government agrees that on all of the

charged bear hunts, the clients possessed the requisite hunting licenses and killed the

animals legally.)  Thus, the elements of the conspiracy's first objective and Counts 2-5 of

the Indictment are:

First, the wildlife listed in the Count was sold contrary to Alaska state law or

regulation, specifically Alaska Statute Sections 08.54.720(a)(3),(9),(11) or (14);

Second, the defendant knew the wildlife was sold in violation of some law;

Third, the market value of the wildlife exceeded $350;

Fourth, the defendant knowingly transported the wildlife in interstate commerce

between Alaska and the state listed in the Count; and

Fifth, in doing so, the defendant knowingly engaged in conduct that involved the

sale or purchase, offer to sell or purchase or intent to sell or purchase the wildlife

(redundant of the first element, in this case).

The defendant's Motion challenges the first element above, arguing incorrectly that the text of Lacey Act subsection 3372(c) limits the types of guided hunts that can be used as trafficking predicates to those in which the wildlife is killed illegally.  Motion at p. 3.  It doesn't.

Subsection 3372(c) "deems" it a sale of wildlife to offer or provide, for money or other compensation, guiding, outfitting or other services for the illegal taking, acquiring, receiving or possessing of wildlife.  Title 16, United States Code, Section 3372(c)(1).  This subsection was added by Congress in 1988 in response to the Ninth Circuit's declaration in United States v. Stenberg, 803 F.2d 422, 437 (9th Cir. 1986), that the term 'sale of wildlife' does not include the provision of guiding services.  Pub. L. 100-653, § 101(3), 102 Stat. 3825 (1988), reprinted in 1988 U.S.C.C.A.N. 5366, 5374.)  However, nowhere in the text of the Lacey Act or the legislative history is subsection 3372(c)(1) described as an exclusive or limiting definition of "sale."

The Alaska statutes cited as predicates in Counts 2-5 make it unlawful for a person who is not a "registered guide" to guide, or contract to guide, a hunt.  Neither Veys nor Jairell was a registered guide during the charged period.  Thus, they "contracted for" - i.e. sold - the guided hunts in violation of Alaska law, conduct that is a valid predicate for the Lacey Act trafficking charges contained in the Indictment.

Nevertheless, Defendant contends that his actions fall outside the Lacey Act prohibitions because, although his sale of guiding services were illegal, the hunters

themselves followed the law.  (Def. Motion at 3-6).  This argument rests on an

exceedingly narrow reading of Section 3372(c)(1).  Defendant urges the Court, when

reading the sentence "for the illegal taking, acquiring, receiving, transporting, or

possessing of fish or wildlife," to place focus on the word "for" rather than the word

"illegal."  (Def. Motion at 3).  Adopting this interpretation would prevent the United

States from prosecuting guides and outfitters where, as here, the hunters were unaware

that the services they purchased were illegal.  Defendant's interpretation would

criminalize guiding operations only where the guide and hunter agreed, in advance, to

buy and sell an illegal hunt.

   Defendant's interpretation is not only absurdly narrow, it is antithetical to the

purpose of the 1988 amendment to the Lacey Act which enacted Section 3372(c).  That

amendment was passed for the express purpose of bringing guides and outfitters within

the Lacey Act's reach.  See United States v. Fejes, 232 F.3d 696, 701 (9th Cir. 2000).

The Fejes court rejected a similarly narrow interpretation which would have rendered

guides and outfitters immune from prosecution where they learned of the hunter's intent

to hunt illegally after the hunt was sold but before the hunt actually took place, and then

conducted the hunt anyway.  Id.  This case involves a mirror-image situation: the

defendants knew that their contracting for and providing the guiding services, without

the involvement of a registered guide, were illegal under Alaska law.  That the

defendants was able to conceal this illegality from their clients, who themselves obeyed

U S v. Veys & Jairell
1:06-cr-00003-HRH                                        5

the law, does not absolve the defendants of their culpability under the Lacey Act.  The

Ninth Circuit panel in <u>Fejes</u> summed up the issue: "We hold that a 'sale' of wildlife for

purposes of 16 U.S.C. 3373(d)(1)(B) encompasses both the agreement to receive

consideration for guiding or outfitting services and the actual provision of such

services."  <u>Id</u>., at 704.

    2.  <u>The Alaska Statutes At Issue Are Valid Lacey Act Predicates</u>.

Defendant Veys argues that AS 08.54.720 cannot be used as a predicate for a

felony Lacey Act charge because it involves "professional licensure" rather than

"protection of wildlife."  (Def. Motion at 5-6).  The Lacey Act defines its predicate laws,

as "laws, treaties, regulations or Indian tribal laws which regulate the taking, possession,

importation, exportation, transportation or sale of fish or wildlife or plants."  Title 16,

United States Code, Section 3371(d).  In the 1981 amendments to the Lacey Act, the

United States Senate stated that while the term "any law . . . or regulation" is not

intended to include laws that have no relation to wildlife, laws such as those that regulate

hunting, which have both a revenue and wildlife protection purpose, are  sufficient to

ground a Lacey Act charge. S.Rep. No. 97-123 (1981), *reprinted in* 1981 U.S.C.C.A.N.

1748, 1753.  Noting that although "it might be argued that a state's hunting license law

which is revenue-producing is not covered by the Lacey Act . . . such a law clearly does

relate to wildlife and it is the committee's intent that it be covered by the Act."  <u>Id</u>. <u>See</u>

<u>also</u> <u>United States v. Lewis</u>, 240 F.3d 866, 869 (10th Cir. 2001) ("when a state hunting

law is violated, that violation is an adequate basis for a Lacey Act prosecution"); United

States v. Romano, 929 F. Supp. 502, 507 (D. Mass. 1996) ("Certainly some state law

violations do fall outside the perimeters of Lacey Act liability . . . but a violation of

Alaska's hunting license law is not one of them."), overruled on other grounds 137 F.3d

677, 679, 82 (1st Cir. 1998).        Alaska Statute Section 08.54.720 is part of a

regulatory scheme enacted by the Alaska legislature in 1973 through creation of the

"Guide Licensing and Control Board" (via Ch. 17, § 1, SLA 1973), now called the "Big

Game Commercial Services Board."  The purpose of the legislation creating the Board,

and the unlawful acts which evolved into the form cited as the predicate violations in the

indictment and challenged in Defendant's Motion, was "to protect fish and game

management" and "to get competent people as guides in Alaska."  Owsichek v. State,

Guide Licensing and Control Board, 763 P.2d 488, 489 (Alaska, 1988), *citing* Alaska

Legislative Committee Minutes Microfiche No. 37, House Judiciary Committee, H.B. 1,

at 20 (Feb 2, 1973).  Accordingly, AS 08.54.720 bears a sufficient nexus to wildlife

protection to qualify as a predicate for a Lacey Act prosecution

## II.  CONCLUSION

The first objective of the conspiracy count and Counts 2-5 all allege a valid

predicate Alaska state crime - the unlawful sale of wildlife by way of contracting to

provide big game guiding services without the involvement of a registered guide - and

need not be stricken or dismissed.  Accordingly, the United States respectfully requests

that Defendant's motion to dismiss Counts 2-5 of the Indictment and strike Objective

Number One from Count 1 be denied.

RESPECTFULLY SUBMITTED this 16th day of February, 2007.

s/ Robert S. Anderson
ROBERT S. ANDERSON
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
Phone: (406) 829-3322
Fax: (406) 542-1476
Email: robert.anderson8@usdoj.gov

s/ Steven E.  Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov
#0108051

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2007
a copy of the foregoing GOVERNMENT'S
RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE AND DISMISS was served
electronically on: Brent R. Cole, Allen F. Clendaniel,
and Kevin Fitzgerald.

s/ Steven E.  Skrocki

US v. Veys and Jairell
1:06-cr-00003-HRH                          8