Brent R. Cole
MARSTON & COLE, P.C.
745 W. 4th Avenue, Suite 502
Anchorage, Alaska 99501
(907) 277-8001
Attorneys for Alan Veys

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES JAIRELL, AND<br>ALAN VEYS<br><br>Defendants. | **VEYS' THIRD MOTION FOR PRODUCTION OF DOCUMENTS: VICKI JAIRELL'S HAND-WRITING EXEMPLAR ON SHORTENED TIME**<br><br>Case No. 1:06-cr-00003-HRH Cr |

## I. Introduction

Alan Veys, pursuant to Federal Rule of Criminal Procedure 17(c), moves this Court to issue a subpoena duces tecum requiring the co-defendant's wife, Vicki Jairell, to appear and provide a hand-writing exemplar for this case. As the Court is aware, Defendant Veys has previously requested a number of documents be directed to its forensic documents examiner, Mr. David Moore. This has recently been accomplished and Mr. Moore's report has been provided to both the Government and Defendant Jairell. *See Affidavit of Counsel.* This report notes that Mr. Moore was not able to identify the author of several of the writings he examined. Mr. Moore's report indicates that he might be able to shed more light on the

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

Veys' Third Motion for Rule 17(c) Subpoena on Shortened Time
Case No. 1:06-cr-00003-HRH Cr
Page 1 of 10

authorship of these writings with a hand-writing exemplar from Mr. Jairell's wife, Vicki Jairell. It is for this purpose that this motion is being filed. Counsel for Defendant Veys has spoken with Counsel for Defendant Jairell and he has indicated that, absent a court order, Mrs. Jairell will not voluntarily provide a hand-writing exemplar to Mr. Veys' expert. *See Attached Affidavit of Counsel.* Because trial is scheduled to begin on March 5, 2007, Mr. Veys is requesting that the Court hear this motion on shortened time.

## II. Argument

**A.   Criminal Rule 17(c) Entitles the Defendant to Production of the Requested Hand-writing Exemplar.**

Federal Rule of Criminal Procedure 17(c) provides:

> **(c) Producing Documents and Objects**
>
> **(1) In General**.  A subpoena may order the witness to produce any books, papers, documents, date, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

This Rule specifically allows for a subpoena duces tecum to be made returnable before trial. *See United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17(c)'s "chief innovation was to expedite the trial by providing a time and a place before trial for the inspection of

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys' Third Motion for Rule 17(c) Subpoena on Shortened Time
Case No. 1:06-cr-00003-HRH  Cr
Page 2 of 10

subpoenaed materials." *Id.* (citing *Bowman v. Dairy Co. v. United States*, 341 U.S. 214 (1951). Hand-writing exemplars of third parties are the proper subject of a Rule 17(c) subpoena. *See e.g.* <u>United States v. McKeon</u>, *558 F.Supp. 1243, 1245 (E.D.N.Y.1983)(Government permitted to subpoena defendant's wife's hand-writing exemplars because it was necessary to show defendant's knowledge.)*

Pretrial production of evidence pursuant to Rule 17(c) is appropriate where the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend reasonably to delay the trial; and (4) that the application is in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699.

The burden is on the party seeking production to show good cause for production prior to trial. *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Virg. 1997). This burden is easily met as to all four elements.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

**1.      The Requested Records Are Evidentiary and Relevant.**

The documents requested are clearly evidentiary and relevant. The government has charged Veys and co-defendant Jairell with violations of the Lacey Act, 16 U.S.C. § 3372-3374. The Lacey Act charges are based on alleged violations of Alaska's guiding and sealing laws and regulations. An essential part of the government's case against Mr. Veys is his involvement in Mr. Jairell's guiding applications and maritime licensing applications to operate maritime vessels for hire. The Government itself recognized the importance of these issue and requested and received the hand-writing exemplars from Alan Veys and Jim Jairell with regard to these documents. *See Government's Motion to Compel Hand-writing Exemplar from James E. Jairell at Docket 26, and Government's Notice of Intent to Offer Evidence of Other Crimes, Wrongs or Other Acts Pursuant to Fed. R. Evidence 404(b) at Docket 77.*

Mr. Moore is a forensic documents examiner who has been retained by Alan Veys. *See Affidavit of David S. Moore at Docket 51.* The Government has alleged that Defendant Veys and Defendant Jairell continued in their conspiracy to violate the Lacey Act in 2002. *Docket at 77.* Toward that end, the Government alleged that Defendant Veys filled out a Small Vessel Sea Service Form and signed a Letter of Recommendation on behalf of Defendant Jairell in furtherance of the conspiracy. *See Exhibit B and C.* In the course of reviewing the discovery, Defendant Veys found a second Small Vessel Sea Form that was signed by Mrs. Vicki Jairell on or about the same time the first Sea Service form was signed.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

*See Exhibit D.* Mr. Moore's report has now demonstrated the following with respect to the Small Vessel Sea Service Form and the other documents he has inspected.

- * Mr. Moore cannot determine the authenticity of Defendant Veys' signature on exhibit B because it has been traced. Ink similar what was used to trace Mr. Vey's name is used to fill out the remainder of the form.

- * Mr. Moore determined that Mr. Veys did not fill out the remaining part of exhibit B.

- * Mr. Moore determined that Mr. Veys did not fill out any parts of exhibit D.

- * Mr. Moore determined that Mr. Jairell signed exhibit B, but did not fill out any of the remaining part of exhibit B.

- * Mr. Moore determined that Mr. Jairell did not sign exhibit D or any of the filled out part of exhibit D.

Additionally, Mr. Moore's report also notes the following with regard to other evidence:

- * Mr. Moore determined that one, unidentified individual signed Mr. Jairell's signature on a number of documents in an attempt to copy Mr. Jairell's signature.

- * Mr. Moore determined that one, unidentified individual very probably wrote a number of questioned hand printing on a number of documents including Exhibit B and D.

**LAW OFFICES OF**
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys' Third Motion for Rule 17(c) Subpoena on Shortened Time
Case No. 1:06-cr-00003-HRH  Cr
Page 5 of 10

It is believed that Mrs. Jairell filled out these Small Vessel Sea Service Forms as well as forged Mr. Veys signature and her husband's signature on a number of documents. Mr. Moore needs Mrs. Jairell's handwriting exemplar in order to confirm this suspicion. That Mr. Veys' signature has been forged and he was without knowledge of these illegal activities is a central part of his defense to these crimes.

A central focus of the Government's case against Mr. Veys involves allegations that he signed affidavits on behalf of Mr. Jairell knowing that contents of the affidavits were false. *See Indictment at Paragraphs 3 and 4.* Mr. Moore's examinations have demonstrated that the genuineness of these affidavits has been placed into issue. *See Affidavit of Counsel.* While the authenticity of these documents are central to the Government's case, part of the defense is that Mr. and Mrs. Jairell have conspired amongst themselves to forge and alter documents for their own criminal gain at the expense of Mr. Veys. Mrs. Jairell's handwriting exemplars will assist in determining the extent and magnitude of the illegal activity engaged in by the Jairells, and how it has unlawfully implicated Mr. Veys in these criminal charges.

### 2. The Requested Records Are Not Otherwise Procurable Because Mrs. Jairell Will Not Voluntarily Produce The Writing Exemplars.

Veys has requested these exemplars from Mr. Jairell's attorney but has been refused without a court order. *See Attached Affidavit of Counsel.* There is, therefore, no way for Veys, his attorneys and expert to procure these exemplars prior to trial without a Rule 17(c) subpoena.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys' Third Motion for Rule 17(c) Subpoena on Shortened Time
Case No. 1:06-cr-00003-HRH Cr
Page 6 of 10

### 3. Veys and His Attorneys and Experts Cannot Properly Prepare For Trial Without Obtaining Ms. Jairell's Exemplars.

First, Veys now knows that some of the records the government has indicated it intends to rely upon at trial are not authentic. As noted above, the authenticity of these documents is central to the government's case against Mr. Veys. It is, therefore, critical that Veys' expert examine the hand-writing exemplars of Mrs. Jairell prior to trial to determine the extend of the illegal activity she engaged in by forging materially altering these critical documents  If such examination cannot occur prior to trial, Mr. Veys will not be in a position to present his entire defense to the jury.

### 4. The Hand-writing Exemplar Sought By this Request Is Limited and Does Not Constitute a Fishing Expedition.

Mr. Veys only seeks one additional hand-writing exemplar. The request in this motion is limited and is directly relevant to the conspiracy charge by the government. Additionally, Mr. Veys is willing to pay for the entire costs associated with this request which will include sending Mr. Moore from Sacramento to Laramie to oversee the administration of this examplar. Without a careful review of these documents, Veys' ability to defend himself will be compromised. The subpoena sought by Veys is a far cry from a fishing expedition.

### B. The Sixth Amendment and Due Process Requires That Veys and His Attorneys and Experts Have this Hand-writing Exemplar Prior to Trial.

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys' Third Motion for Rule 17(c) Subpoena on Shortened Time
Case No. 1:06-cr-00003-HRH  Cr
Page 7 of  10

The Sixth Amendment affords a criminal defendant the right to compulsory process in the aid of the defense case. *U.S. Const. Amed. VI.* It is settled constitutional law that "criminal defendants have the right to the Government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). Rule 17(c) is instrumental in securing a defendant's Sixth Amendment rights. *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (stating that "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor"); *see also United States v. Jenkins*, 895 F. Supp. 1389, 1395 (D. Haw. 1995) (holding that the purpose of Rule 17(c) "is to provide compulsory process to insure that the defendant can obtain favorable evidence at trial"). One court has noted that guaranteeing an accused compulsory process to secure evidence in the accused's favor is the "essential purpose" of Rule 17(c). *Beckford*, 964 F. Supp. at 1019.

To deny Veys and his attorneys and experts the right to collect and examine the requested hand-writing exemplar would violate Veys' Sixth Amendment rights. A Rule 17(c) subpoena by the government of a defendant's wife's hand-writing exemplars is appropriate in the absence of Sixth Amendment rights. *See McKeon, 558 F.Supp at 1245.* Vey's right to subpoena a co-defendant's wife's exemplars in order to adequately defend himself is guaranteed by the Sixth Amendment. Without these exemplars, Veys will be forced to defend against, and the jury will be asked to decide on federal charges without a

LAW OFFICES OF
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

full understanding of the evidentiary picture. If Veys' expert is not allowed to examine Ms. Jairell's hand-writing exemplar, the government might be able to distort the jury's fact finding process by presenting selected evidence that could mis-characterize Veys' conduct and intent. If Veys' expert is not allowed to examine the original hand-writing exemplar, Veys will not be able to present the full picture to the jury or refute the government's allegations through relevant documentary evidence. The Sixth Amendment and Rule 17(c) require that Veys be able to review the exemplar.

### III.  Conclusion

Pursuant to Rule 17(c) this Court should issue subpoenas duces tecum to Ms. Jairell to submit a hand-writing exemplar in the presence of Mr. Moore in Laramie, Wyoming on or before February 28, 2007. This is the only way to avoid real Sixth Amendment and due process concerns and unnecessarily delaying the trial.

DATED this 16th day of February, 2007, at Anchorage, Alaska.

>MARSTON & COLE, P. C.
>Attorneys for Alan Veys
>
>By: s/Brent R. Cole, Esq.
>   745 West Fourth Ave., Suite 502
>   Anchorage, AK 99501
>   Phone: (907) 277-8001
>   Fax: (907) 277-8002
>   Email: cole@pobox.alaska.net
>   AK Bar No. 8606074

**LAW OFFICES OF**
**MARSTON**
**& COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Veys' Third Motion for Rule 17(c) Subpoena on Shortened Time
Case No. 1:06-cr-00003-HRH  Cr
Page 9 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16th, 2007, a copy of the foregoing Motion was served electronically on: Steve Skrocki, Assistant U.S. Attorney, Robert Anderson, Assistant U.S. Attorney, Kevin Fitzgerald, Ingaldson, Maassen, Fitzgerald, Allen Frank Clendaniel, Dorsey & Whitney LLP and Wayne D. Hettenbach, Trial Attorney, US Department of Justice.

By: s/ Brent R. Cole, Esq.

**LAW OFFICES OF**
**MARSTON & COLE, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002