Allen F. Clendaniel
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:   (907) 276-4557
Facsimile:    (907) 276-4152

Attorneys for Defendant Alan J. Veys

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 1:06-CR-00003-HRH-PMP |
| vs. | **MOTION *IN LIMINE*** |
| ALAN J. VEYS and JAMES E. JAIRELL, | **TO EXCLUDE EVIDENCE** |
| Defendants. | **OF "SHARC" APPLICATION** |

At Docket 77, the government gave notice of intent to offer evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). As to Alan J. Veys ("Veys"), the government intends to introduce two items of "other acts" evidence described as items A and B. Those items are: Item A, evidence of a letter purportedly signed by Veys in support of Defendant James Jairell's ("Jairell") December 2002 submission to the U.S. Coast Guard ("2002 Veys Coast Guard Letter"); and Item B, Veys's May 2005 submission to the National Oceanic and Atmospheric Administration of a Subsistence Halibut Registration Certificate Application ("2005 SHARC Application"). Defendant Alan J. Veys hereby moves *in limine* for an order excluding only the admission of evidence related to the 2005 SHARC Application. While Veys

DORSEY &
WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

seriously doubts the government's motives for introducing the 2002 Veys Coast Guard Letter, Veys does not object to its introduction. While it appears the letter may have been signed by Veys,[1] it is clear from the entire 2002 Coast Guard Application that Veys did not participate in any fraud related to the application. Instead, the entire 2002 Coast Guard Application highlights Jairell's conspiracy to forge and alter documents for their own criminal gain at the tragic expense of Veys. Despite the government's disingenuous motives, Veys does not object to the admission of the entire 2002 Coast Guard Application because it helps his defense.[2]

## I. Legal Analysis

The government is seeking to introduce evidence of an entirely irrelevant and dissimilar act, the SHARC application, that occurred almost four years *after* the alleged charges in the indictment. Understanding the weakness of its case against Veys, the government appears to be desperately trying to salvage its prosecution by introducing irrelevant, distracting, and prejudicial evidence in a last ditch effort to obtain a Lacey Act conviction. The Federal Rules of Evidence prohibit such tactics.

### A. Charged Offenses.

Counts 2-5 of the indictment charge Veys with substantive violations of the Lacey Act for allegedly transporting in interstate commerce wildlife that was sold in violation of

---

[1]  David S. Moore, Veys's retained document examiner cannot determine the authenticity of Veys's signature on the 2002 Veys Coast Guard Letter.

[2]  Veys does object to the selective introduction of the 2002 Veys Coast Guard Letter. Without the context of the entire application, it is impossible to understand how Veys was the unwitting victim of the Jairells' fraudulent and criminal forgery.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 2
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

state law. Veys is also charged with conspiring to violate the same provision of the Lacey Act and also with conspiring to knowingly submit false records for wildlife which was transported in interstate commerce in violation of the Lacey Act. The government correctly notes that "the gravamen of these charges is the defendants' alleged sale and provision of guiding services to black bear hunters staying at defendant VEYS's Pybus Point Lodge in Southeast Alaska, and subsequent interstate transport of bear parts, without the involvement of a registered guide, as required by Alaska law." Government Notice at 2. In short, the charged offenses focus on the sale and provision of guiding services to hunters without the involvement of a registered guide in 2001.[3] It is important to note that Veys is *not* charged with assisting in Jairell's fraudulent acquisition of a guide license. Veys is also not charged with fraudulently obtaining any benefits. Veys is charged with substantive violations of the Lacey Act and conspiring to violate the Lacey Act.

### B. The Federal Rules of Evidence Preclude the Admission of Irrelevant and Prejudicial Propensity Evidence.

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

---

[3] Veys maintains that the indictment is constitutionally defective because it solely relies on alleged violations of Alaska professional licensing statutes and fails to allege that there was a sale of guiding or outfitting services for the illegal taking of wildlife. *See* 16 U.S.C. 3372(c)(1). Veys's Motion to Dismiss (Docket 75) is before the Court.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 3
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

The government must show that the evidence is relevant to a consequential fact other than propensity. *See United States v. Garcia-Orozco*, 997 F.2d 1302, 1303-1305 (9th Cir. 1993) (defendant's prior arrest for possession of heroin in his car in which he was passenger does not provide logical basis for inferring that he would know that the car he was driving at time of arrest contained marijuana). The government fails to meet this fundamental requirement for the 2005 SHARC Application. There are only two logically consistent purposes for the introduction of the 2005 SHARC Application: (1) that because Veys engaged in an alleged act involving deceit, he has the propensity to engage in deceitful or "sneaky" activities and is therefore more likely to have engaged in conduct involving illegal guiding; and (2) that because Veys engaged in this alleged act, he is a bad person that should be punished for something, even if he is not guilty of the crimes charged. Fed. R. Evid. 404(b) and 403 preclude such direct propensity and inflammatory prejudicial evidence.

The government states, however, that evidence of the other acts is offered for the permissible Rule 404(b) purposes of proof of "intent, plan, knowledge, and absence of mistake or accident." A careful review of the SHARC application demonstrates, however, that the government's proffered permissible purpose is illusory and fails the Ninth Circuit four-part test for when "other act" evidence is admissible under Rule 404(b).

In order for "other act" evidence to be admissible it must:

(1) be based on sufficient evidence; (2) not be too remote in time from charged crimes; (3) bear some similarity to charged acts; and (4) prove an essential element of the charged offense.

**DORSEY &  
WHITNEY LLP**  
1031 West 4th Avenue,  
Suite 600  
Anchorage, AK  99501  
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 4  
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP  
4843-4632-3969\1\480253\00002

*United States v. Melvin*, 91 F.3d 1218, 1222 (9th Cir. 1996).

In addition, even "if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000).

The 2005 SHARC Application is not relevant to a non-propensity purpose and fails the Ninth Circuit four-part test. The 2005 SHARC Application fails to prove an essential element of the charged offenses, it occurred years after the alleged charged offenses, and it is not even remotely similar to the charged offenses based on illegal guiding. Moreover, even if the SHARC application is admissible under Rule 404(b), its minimal relevance is outweighed by the risk of unfair prejudice and it must be excluded under Rule 403.[4] In addition, Rule 403 requires exclusion of the 2005 SHARC Application because the relevance of the "other acts" is substantially outweighed by the risk of confusion of the issues, misleading the jury, and undue delay and waste of time.

### 1. Item B – 2005 SHARC Application.

The government wants to introduce "other acts" evidence relating to the 2005 SHARC Application. These "other acts" occurred almost four years after the indictment's alleged acts, yet the government still maintains that the evidence is relevant to Lacey Act charges concerning events in 2001.

---

[4] Fed. R. Evid. 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 5
*USA v Veys, et al.*, Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

>The government puts forward the following purpose for this evidence:
>
>>The purpose of this evidence is to establish that defendant VEYS needed no encouragement from defendant JAIRELL to falsify documents to obtain a benefit and to defeat a claim that his participation in helping JAIRELL fraudulently obtain a guide's license or master's license was the result of mistake, accident, or lack of intent.

Government Notice at 7-8.

The government conveniently omits that Veys is not charged with fraudulently obtaining a guide's license or with falsifying documents to obtain a benefit. As the government notes the gravaman of the charges against Veys is the alleged sale and provision of guiding services to black bear hunters staying at Veys's Pybus Point Lodge in Southeast Alaska, and subsequent interstate transport of bear parts, without the involvement of a registered guide, as required by Alaska law. This is a guiding case, not a fraud case. If the government wanted to charge Veys with fraud, they should have. They did not and an alleged discrepancy on a halibut subsistence application four years after the events related to guiding is entirely irrelevant. The only real purpose for Item B is either impermissible use of propensity evidence or prejudicial smearing of Veys's character.

The government is trying to sneak "propensity" evidence into this case, i.e., if Veys did something sneaky in 2005, he's the kind of guy who plays fast and loose, and it is more likely that he violated the Lacey Act in 2001. The government's purported "non-propensity" purpose completely fails the Ninth Circuit test for Rule 404(b) evidence. First, the 2005 SHARC Application is entirely irrelevant to any element of a charged offense that is a material issue in the case. *See United States v. Bailleaux,* 35, F.2d 1105, 1110 (9th Cir. 1982) (holding that in order to admit evidence of prior bad actions for a

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 6
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

purpose other than propensity, the conduct must be introduced to prove an element that is a material issue in the case). Whether Veys listed a wrong address in 2005 has nothing to do with whether in 2001 he participated in the sale and provision of guiding services without the involvement of a registered guide. The 2005 SHARC Application therefore, fails to prove an essential element of the charged offense. *Melvin*, 91 F.3d at 1222. Second, the 2005 SHARC Application in 2005 is much too remote in time from the charged offenses to be of any relevance. It was submitted four years *after* the alleged illegal guiding took place. It, therefore, has no relevance to Veys's lack of intent, mistake, or accident in 2001. Finally, the alleged subsequent wrong act is completely different from violation of Alaska's guiding laws. An alleged discrepancy with the listing of an address on a SHARC application form has nothing to do with guiding black bear hunts without the required involvement of a registered guide.

But even if the SHARC application is admissible under Rule 404(b), it must be excluded under Rule 403. Any relevance to intent or mistake is extremely minimal. The risk of unfair prejudice, however, is high. Introduction of this evidence could lead the jury to convict Veys simply because of perceived recent bad acts that are completely independent of the charged crimes. The jury is likely to see Veys as the kind of person who has a "propensity" to violate fishing and hunting rules and is therefore likely to have acted in conformity with that propensity by violating the Lacey Act. Accordingly, the danger of unfair prejudice substantially outweighs the minimal relevance of the SHARC application. In addition, introduction of the SHARC application will force Veys to vigorously rebut any allegations of intentional wrongdoing in connection with the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 7
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

application. This will result in a mini-trial over a 2005 subsistence application that has absolutely no connection to the actual charged offenses relating to guiding of black bear hunts in 2001. Accordingly, the evidence should also be excluded under Rule 403 because its minimal relevance is substantially outweighed by "consideration of undue delay" and "waste of time." Fed. R. Evid. 403.

### 2. Item A – 2002 Coast Guard Application.

Veys does not object to the introduction of the 2002 Veys Coast Guard Letter. Veys notes that the 2002 Veys Coast Guard Letter suffers the same deficiencies as the 2005 SHARC Application. It has nothing to do with illegal guiding and therefore does not "prove an essential element of the charged offense." *Melvin*, 91 F.3d at 1222. The 2002 Veys Coast Guard Letter was purportedly drafted over a year after the bear hunts at issue and is "too remote in time from the charged crimes" to be relevant. *Id.* Finally an alleged false statement in a Coast Guard letter bears no similarity to charges based on improper guiding under state law. *Id.* Obviously, the government is attempting to introduce the evidence for an improper propensity purpose or to improperly smear Veys's character and inflame the jury.

Despite the apparent improper motivation of the government, Veys does not object to the introduction of the 2002 Veys Coast Guard Letter. Veys believes that James Jairell and Vicki Jairell's fraudulent and manipulative activity in the 2002 Coast Guard Application are helpful to his defense, not hurtful. The 2002 Veys Coast Guard Letter is part of a larger application where James Jairell and Vicki Jairell fraudulently engaged in forgery to obtain illegal benefits at the unknowing expense of Veys. Veys will show at

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 8
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

trial that the nature of the 2002 Coast Guard Application negates even the remote likelihood of any illegal agreement between Jairell and Veys. The central focus of the government's case appears to be allegations that Veys signed affidavits on behalf of Jairell in 2000 knowing that the contents of the affidavits were false. Veys's document expert's examinations have questioned the authenticity of those affidavits. Part of Veys's defense is that unknown to Veys, James Jairell and his wife conspired amongst themselves to forge and alter documents for their own illegal gain at the expense of Veys. The Jairells' fraudulent activities relating to James Jairell's 2002 Coast Guard Application exculpate Veys rather than inculpate him. Veys welcomes evidence of the Jairells' criminal efforts to forge and alter documents and manipulate Veys for their own illegal gain. In short, while the evidence is not relevant to show Veys's intent or lack of mistake, it is relevant to Veys's defense that he did not possess the requisite intent for any of the crimes charged. As long as the entire 2002 Coast Guard Application is introduced into evidence, Veys does not object to the government's attempts to introduce the 2002 Veys Coast Guard Letter as a "wrong act."

## II.   Conclusion

The evidence of the irrelevant subsequent "other act" of the 2005 SHARC Application by Veys must be excluded. It is classic propensity evidence designed to unfairly lead to a jury conviction. And even if evidence of this alleged "other act" is tangentially relevant to a permissible non-propensity purpose, the evidence must be excluded under Rule 403 because the risk of unfair prejudice and undue delay substantially outweighs whatever relevance evidence of acts, that occurred years after the

**DORSEY &
WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 9
*USA v Veys, et al.,* Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002

charged offenses, may have. According, the Court should preclude the admission of any evidence related to the 2005 SHARC Application.

DATED this 20th day of February, 2007, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By:    /s/ Allen F. Clendaniel
   Allen F. Clendaniel, ABA #0411084
   DORSEY & WHITNEY LLP
   1031 West Fourth Avenue, Suite 600
   Anchorage, AK 99501-5907
   Telephone: (907) 276-4557
   Facsimile: (907) 276-4152
   E-mail: clendaniel.allen@dorsey.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of February, 2007, a copy of the foregoing document was served on:

Robert S. Anderson
Steven E. Skrocki
Deborah M. Smith
Wayne D. Hettenbach

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

   /s/ Allen F. Clendaniel
   Allen F. Clendaniel
   Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF "SHARC" APPLICATION - 10
*USA v Veys, et al.*, Case No. 1:06-CR-00003-HRH-PMP
4843-4632-3969\1\480253\00002