Brent R. Cole
MARSTON & COLE, P.C.
745 W. Fourth Avenue, Suite 502
Anchorage, AK 99501
(907) 277-8001

Attorneys for Alan Veys

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES JAIRELL, AND<br>ALAN VEYS<br><br>    Defendants. | **DEFENDANT VEYS' OPPOSITION TO GOVERNMENT'S MOTION TO CONSOLIDATE SENTENCING PROCEEDINGS** |

Case No. 1:06-CR-0003-HRH-PMP CR

## I. INTRODUCTION

Defendant Alan J. Veys hereby opposes the government's motion to consolidate sentencing proceedings before United States District Court Judge. *Docket at 115.* Mr. Veys' sentencing is scheduled for August 2, 2007. Instead of being able to focus on his sentencing, Mr. Veys is being required to respond to a frivolous motion on shortened time, which has been filed to address a situation for which the government is solely responsible. The Government's motion should be denied because: (1) it constitutes a material breach of the plea agreement between Mr. Veys and the Government; (2) the motion is not ripe for consideration and anticipates a problem unlikely to occur; and (3) the government's legal arguments are erroneous; and (4) the culpability of each defendant

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 1 of 10

is so different, that there is no issue of "disparity of treatment" between the parties. For the reasons set forth below, the government's motion should be denied.

## LEGAL ARGUMENTS

### 1. Mr. Veys Negotiated for the Removal of this Case to Juneau and Should Receive the Benefit of his Bargin.

As the Court knows, this case was originally filed in Juneau. Mr. Veys was arraigned in Juneau. Subsequently the Government filed a motion to change venue of the trial to Anchorage. *Docket at 32.* Over Mr. Veys' objection, the trial court ordered this case transferred back to Anchorage for trial. *Docket at 48 and 60.* In the course of negotiating a plea agreement, Mr. Veys negotiated for the return of this case to Juneau.[1] This was agreed to by the parties before the plea agreement was signed and was an instrumental part of the settlement for Mr. Veys. Since Mr. Veys' five felony charges were being reduced to one misdemeanor alleging a negligent conspiracy count, it was reasonable to negotiate the return of this case to Juneau where Mr. Veys' lodge is located and where a number of sentencing witnesses are located.

Mr. Veys' case was transferred to Juneau and he then changed his plea before Magistrate Judge Pallenberg. Magistrate Judge Pallenburg has scheduled Mr. Veys' sentencing for 9:00 a.m. on August 2, 2007. Mr. Veys, through counsel, has done extensive planning for this sentencing. Airline tickets for counsel and expert witnesses

**LAW OFFICES OF**
**Marston &**
**Cole, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

---

[1]   Counsel for Mr. Veys strenuously disagrees with the government's contention that Veys sought and received from the government a non-opposition to transfer sentencing of this case to Juneau after **securing the plea agreement.** *Docket 115 at p. 3.* This specific request was discussed simultaneous with other terms that the parties were negotiating and was agreed to prior to the Plea Agreement being signed by Mr. Veys. There was no reason to place this provision in the Plea Agreement since counsel assumed that this was standard practice in light of the misdemeanor plea.

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 2 of 10

have already been purchased. Witnesses who will be present at court have been identified. Sentencing memorandums are due on July 26, 2007.

At the time of the plea agreement was negotiated, the government was well aware that Mr. Veys, through counsel, **did not agree** with the government's contention that for sentencing purposes, the market value of bears attributed to Mr. Veys or Mr. Jairell was $4,000. It has been no secret that Mr. Veys objected to this erroneous legal theory and refused to make any such concessions with the government. At the same time, the government knew that its plea agreement with Mr. Jairell specifically required him to agree that the market value for sentencing purposes of each bear was $4,000.[2] In both plea agreements, the government negotiated with each defendant that the plea agreement was not binding on the court and that neither defendant could appeal any decision by the court.

It now seems readily apparent that when it negotiated Mr. Jairell's plea agreement, the government was banking on the strategy that its demand that Mr. Jairell agree that each bear be valued at $4,000 would have to be accepted in Mr. Veys' sentencing. Now that there is a possibility that the sentencing court in Mr. Veys' case might not agree with the government's erroneous legal theory (as evidenced by the initial pre-sentence report),

---

**LAW OFFICES OF**
**Marston &**
**Cole, P.C.**
**745 WEST FOURTH AVENUE**
**SUITE 502**
**ANCHORAGE, AK 99501**
**TEL. (907) 277-8001**
**FAX (907) 277-8002**

[2] While only Mr. Jairell and his counsel can explain why they agreed to a condition in the plea agreement that is arguable without legal support, it is assumed that Mr. Jairell's bargaining leverage was non-existent after Mr. Veys demonstrated through his own investigation and expert reports that Mr. Jairell lied to law enforcement officers about Mr. Veys' role in this business venture and that Mr. Jairell and his wife forged documents and attributed them to Mr. Veys' in the course of this "alleged" conspiracy. Faced with additional charges of Obstruction of Justice, Perjury, and Making a False Statement, and having his wife indicted for assisting in these nefarious offenses, Mr. Jairell was probably quite rational in making the agreement he did with the Government without argument.

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 3 of 10

the government seeks to delay Mr. Mr. Veys' sentencing and back out of its sentencing arrangement.

The government's request to consolidate constitutes a breach of the agreement between the parties and should be rejected. Mr. Veys is entitled to rely upon and enforce the agreement he reached with the government to be sentenced in front of the magistrate in Juneau. Mr. Veys has done nothing to breach the terms of the agreement reached between the parties. The government's alleged reason for wanting to renege on its agreement with Mr. Veys is because of changed circumstances in another case—Mr. Jairell's case—which at this point is totally unrelated to Mr. Veys' case. The government should be held to honor the deals it enters.[3] Sometimes, in hindsight, those deals are not always in the government's best interest. But the integrity of the system demands that the government, above all others, must honor its word.

If the government wants consistency, a solution is easy: ask for Magistrate Pallenburg to handle Mr. Jairell's sentencing in Juneau after Mr. Veys' sentencing. Otherwise, the Court should simply deny the government's motion and require the government to honor its commitments.

2.       **The Government's Fears Are Unfounded and Not Ripe for Consideration in this Forum or Should Have Been Addressed in a More Timely Fashion.**

The government contends it is concerned with the *mere possibility* that two defendants will receive different market value calculations under the sentencing

**LAW OFFICES OF**
**Marston &**
**Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

---

[3]   This is the third time the government has backed out of deals it entertained and arguably agreed to in this case. Needless to say, representing criminal clients under these circumstances is very difficult.

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 4 of 10

guidelines for the same conduct. No sentencing has occurred in either case. Under the case law and the both plea agreements, any calculations by the parties are not binding on the sentencing courts. Neither defendant can appeal his sentence, but the government can appeal an adverse sentencing ruling. Until both defendants are actually sentenced, there is no "disparity of treatment", only the mere possibility that this could happen.

While of course it could happen that one court could make the determination that the market value of a black bear hunt for sentencing purposes was $4,000 and one court could determine it was $1,500, it could just as likely happen that both courts could agree on $1,500 or both courts could agree on $4,000.[4] All three possibilities have existed from the time the two plea agreements were consummated because the sentencing courts each had authority under the law and the plea agreements to reject the parties' calculations. In fact the government has known since May (when Mr. Veys' original pre-sentence report was completed) that its legal theory had been rejected by the pre-sentence report writer and has done nothing to try and consolidate the sentencing hearing since objecting to the draft pre-sentence report in May 2007. Rather, the government waited until 10 days before Mr. Veys is to be sentenced and filed this frivolous motion.

Truly what the government is really concerned with is that its legal argument with regard to market value calculations has no merit and will be rejected by the Court in Mr.

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

---

[4] It is also possible and more likely that Judge Pallenberg will find that the value of each bear is $600.

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 5 of 10

Veys' case, which may then put its plea agreement at risk with Mr. Jairell.[5] But under the terms of the plea agreement as was demanded and negotiated by the government, this has always been the case. The government dealt itself this hand. Now, the government is asking for a new deal at the expense of Mr. Veys' contractual right to the benefit of his plea bargain.

The government negotiated the terms of the agreements that have now resulted in the position it is now in. It waited until the last minute to file this motion, when it has always been clear that the problem that it believes now presents itself existed. It is less than certain that the government's fears will even come to fruition. Under these circumstances, there is no judicial economy in consolidating this matter. While it is unlikely that the two sentencing courts will come to different conclusions on how to calculate market value, until that happens, the government has nothing to complain about. Additionally, just because the case is consolidated, does not mean that no appeal will be required. Obviously, even if one court hearing both cases determines that the government's legal theory is wrong and adopts the defendants' arguments, the government has essentially indicated that it intends to appeal to the Court of Appeals. Therefore at this point there is little to be gained by consolidating these two cases.

### 3. The Government's Legal Arguments Regarding Market Value for Sentencing Guideline Purposes are Erroneous.

---

[5] The logic of the government's position still escapes counsel for Mr. Veys. Whether Mr. Jairell is held accountable for 9 or 10 bears at $4,000 or $1,500 makes a difference of 2 points under the guidelines or an adjusted Offense Level of 10 or 12. Under either offense level, a sentencing court would have the authority to impose the ten month sentence contemplated by Mr. Jairell's plea agreement (6-12 months for Offense Level 10; 10-16 months for offense level 12).

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 6 of 10

The government cursorily asserts that this is not a case "where the market value is difficult to ascertain" and that the market value for the bears is $4,000 "because the market value was based on Pybus Bay fees for hunters who came to the lodge to hunt." *Docket 115 at 4.* This is factually and legally false. First, three people in 2000 paid $1,500 to hunt black bear with Jim Jairell, not $4,000. Each of these clients fished at the same time and paid Pybus Point Lodge (Mr. Veys' business) separately for their fishing trips, lodging, meals and transportation to the lodge. Second, every client who hunted black bears in 2001 also was charged for a **combined fishing and hunting trip** in the amount of approximately $4,000-$4,500. Again this combined costs included the costs of fishing for all those days, lodging, meals, and transportation to the lodge. The standard costs for only a fishing trip (which 95% of the clients who came to the lodge paid for) was between $2,700 and $3,200.

Under these circumstances, and for sentencing purposes, $4,000 cannot be the market value. First, the Sentencing Guidelines specifically states that when "market value is difficult to ascertain," the Court should look to restitution values. U.S.S.G. § 2Q2.1(b)(3)(A), cmt. 4. The case cited by the government, <u>United States v. Atkinson</u>, 966 F.2d 1270 (9th Cir. 1990) is entirely unhelpful and distinguishable. <u>Atkinson</u> was not a sentencing guideline case and addressed the market value threshold for <u>substantive Lacey Act liability</u>, not the market value for sentencing calculation under the Guidelines. The Lacey Act does not reference "restitution cost" as reliable information indicating a reasonable estimate of market value.

**LAW OFFICES OF**
**Marston &**
**Cole, P.C.**
745 WEST FOURTH
AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 7 of 10

Second, if "acquisition and preservation" cost is to be used, the Court must adopt a value that estimates the amount paid for hunting black bears, not the amount paid for the entire experience at Mr. Veys's lodge at Pybus Point. Mr. Veys ran a very nice fishing lodge. The hunting operations by Mr. Jairell were a limited add-on operation to the standard fishing and lodge services provided by Mr. Veys. The full price paid by the guests grossly inflates the cost of the bear hunt and is not a reasonable estimate of the market value of the black bear hunts at issue. The common sense approach of actually identifying the cost of the hunt effectuates the purpose of the Guidelines' market value enhancement and prevents an unfair sentence based on an inflated market value.

### 4.  The Criminal Culpabilities of Mr. Jairell and Mr. Veys are Distinct and Readily Apparent and Require Different Sentences.

The government seems to argue that it is concerned with the "market value determination" at sentencing and the disparity that might arise at sentencing. ***Rather, the real disparity would be if the two parties received the same adjusted offense level at sentencing.*** Consider the following:

- Veys was charged with **five** felony offenses in the Indictment; Jairell was charged with **thirteen** felony offenses, in the Indictment.
- Veys pled to **one misdemeanor** charge alleging a negligent involvement in a conspiracy to violate the law; Jairell pled to **two felony** charges, of knowingly violating the Lacey Act.
- Veys never went into the field with one hunter; Jairell went into the

**LAW OFFICES OF**
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

field and guided all the alleged illegal hunts.

- Veys was never alleged to have forged documents; Jairell forged Veys' documents; Jairell's wife forged Veys' documents.

- Veys has one prior misdemeanor conviction for sale of sport caught fish; Jairell has extensive state game convictions in Alaska and probation violations.

- Veys cooperated with law enforcement and provided his expert reports which demonstrated the level of involvement by Jairell and his wife in this criminal conspiracy; Jairell provided nothing and probably obstructed justice in his meeting with the Government.

- Veys ran a perfectly legitimate and legal fishing lodge for twenty years without barely an incident; Jairell was a guide for about one year before he began violating Alaska's guide laws and residency law.

The real disparity will occur if these two individuals receive the same adjusted offense level. Jairell was free to stipulate to any value. He did so voluntarily. Enforcing his agreement by allowing the Juneau magistrate to determine Veys' sentence will not result in disparate sentences.

### III.  CONCLUSION

As noted above, the government should be held to the bargains it strikes. Additionally, there is nothing new that requires the Court to now set aside the agreement that was originally reached by the parties. The government's concerns could have and

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 9 of 10

should have been addressed months ago. Under these circumstances, the government's motion to consolidate sentencing hearings should be denied.

DATED this 23rd day of July, 2007, at Anchorage, Alaska.

                MARSTON & COLE, P.C.
                Attorneys for Alan Veys

                By: s/ Brent R. Cole, Esq.
                745 West Fourth Ave., Suite 502
                Anchorage, AK 99501
                Phone: (907) 277-8001
                Fax: (907) 277-8002
                Email: cole@pobox.alaska.net
                Alaska Bar No. 8606074

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2007,
a copy of the foregoing Motion was served
electronically on:

Steve Skrocki, Esq.
Assistant U.S. Attorney

Robert Anderson, Esq.
Assistant U.S. Attorney

Kevin Fitzgerald, Esq.
Ingaldson, Maassen, Fitzgerald

By: s/ Brent R. Cole, Esq.

LAW OFFICES OF
**Marston & Cole, P.C.**
745 WEST FOURTH AVENUE
SUITE 502
ANCHORAGE, AK 99501
TEL. (907) 277-8001
FAX (907) 277-8002

Opposition to Motion to Consolidate
Case No. 1:06-CR-00003-HRH-PMP CR
Page 10 of 10