```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,         )
                                  )
                      Plaintiff,  )
                                  )
      vs.                         )
                                  )
ALAN J. VEYS           [D-01]     )
JAMES E. JAIRELL       [D-02]     )
                                  )   No. 1:06-cr-0003-HRH
                     Defendants.  )
_____)
```

O R D E R

Motion to Consolidate[1]

The Government moves to consolidate the sentencing proceedings in this case as to defendants Veys and Jairell. The motion is opposed by defendant Veys.[2] The court takes the silence of defendant Jairell as indicative of his concurrence in the Government's motion to consolidate.

Defendant Jairell was scheduled to be sentenced July 11, 2007. Early in that sentencing proceeding, the court became aware of a disagreement between the Government and Jairell regarding the interpretation of Jairell's plea agreement. The focus of this

---

[1]Docket No. 115.

[2]Docket No. 117.

disagreement is the market value of wildlife that was the subject of charges against Jairell and Veys.  Jairell's plea agreement provides:

> The parties estimate and agree that the advisory Sentencing Guidelines should be applied in the following manner:
>
> ....
>
> 3. The market value of a guided black bear hunt out of the Pybus Point Lodge during the period 2000 - 2001 was approximately $4,000.[3]

The Veys plea agreement is very different in the foregoing regard. It contains no estimate or agreement as to the market value of a black bear hunt.  The court understands that the presentence reports as to both defendants discuss several different ways that market value might be determined for purposes of sentencing in these cases.  In Jairell's case, the presentence report adopts the $4,000-per-bear estimate and agreement contained in the Jairell plea agreement.  Counsel for Jairell evidently became aware of the fact that a different value was being suggested by the probation service in Veys' case; and, at the Jairell sentencing hearing, defense counsel made it clear that he intended to endeavor to avoid the above-quoted valuation provision of Jairell's plea agreement.

Put more simply, the Government contends that it had an agreement with Jairell that market value would be determined for sentencing purposes with reference to the $4,000 value set in the plea agreement.  Counsel for Jairell contends that Jairell should

---

[3]   Plea Agreement (James E. Jairell) at 12-13, Docket No. 94.

not be bound by that estimate and agreement.  The Jairell plea agreement does not expressly preclude defense counsel from arguing against the estimated value agreed to by the parties.  After hearing counsel develop their disagreement at the Jairell sentencing hearing, the court resolved the matter by rejecting the Jairell plea agreement.[4]

This case was initiated by an indictment filed in Juneau, Alaska.  In due course, the case was transferred to Anchorage for further proceedings.  In the course of negotiating a plea agreement with Veys that involved misdemeanor charges, the Government agreed to the transfer of the Veys portion of the case back to Juneau for sentencing.  Veys is scheduled to be sentenced by a United States magistrate judge on August 2, 2007.  It is in the foregoing context that the Government now seeks to have the Veys proceedings transferred back to Anchorage.

---

[4]In several respects, the Government's motion to consolidate sentencing suggests that Jairell either has or threatens to breach his plea agreement (see, for example, footnote 3 on page 8).  The court has two observations in this regard.  First, the Jairell plea agreement curiously combines the terms "estimate" and "agreed" in introducing the parties' view of the market value of a bear hunt.  While the parties may or may not have intended that the terminology about market value would preclude Jairell from offering evidence as to a market value other than $4,000-per-hunt, the plea agreement does not expressly so state.  It was not clear to the court at the July 11 sentencing hearing that Jairell was precluded from making the kinds of argument about market value that were raised.  The court therefore rejected the plea agreement so as to moot the uncertainty and disagreement about the plea agreement.  Second, the court made no effort to resolve the disagreement about the Jairell plea agreement because it is inappropriate for the court even to appear to engage in negotiating or renegotiating a plea agreement.  The court expected (and still expects) that the parties will reach a sensible resolution of their disagreement and return to the court for sentencing as to Jairell.

While it is the court's perception that the Government could have protected itself from the disagreement that developed in this case in a number of ways, the fact remains that the culpability of the two defendants may be very different, thus leading to very different plea agreements and probably different sentences. In light of the very different plea agreements that the Government negotiated with Veys and Jairell, the Government is understandably concerned that two different judges might reach different conclusions as to the market value of a bear hunt for purposes of guideline sentencing. The possibility that two different judges might place a different market value on the same black bear hunts is undeniably problematic, but it is by no means assured. Indeed, the situation is less worrisome now than it might have been had the Jairell sentencing gone forward on July 11. As the case stands right now, there is no agreement as to market value. Also, since it appears that the disparate market values under discussion would have only a minor impact upon the sentences that Veys and Jairell are likely to receive, the Government's concerns giving rise to the motion in question strike the court as much ado about very little.[5]

As a part of its negotiations with Veys, the Government agreed to have sentencing proceedings transferred to Juneau. The valuation problem that has arisen might have been anticipated and avoided by the Government, but was not. Veys strongly objects to

---

[5]Counsel for Veys suggests – and the court believes the suggestion to be accurate – that Jairell could have received the sentence contemplated by his plea agreement under both of the most likely to be applied valuations of a black bear hunt.

the court releasing the Government from its agreement that he would be sentenced in Juneau.  The court is unpersuaded that there is any legal necessity to upset the agreement about where Veys is to be sentenced.

The motion to consolidate sentencing proceedings as to Veys and Jairell is denied.

DATED at Anchorage, Alaska, this <u>25th</u> day of July, 2007.

<u>/s/H. Russel Holland</u>
United States District Judge